PLEUS, Judge.
The matter is here on petition by the State of Florida for a writ of certiorari to review an order entered June 6, 1957, by the Circuit Court of the Tenth Judicial Circuit, in and for Polk County; said order being one reversing the judgment and sentence of the Criminal Court of Record of Polk County.
The following chronological statement of events presents a sad commentary on the administration of criminal justice:
1. On November 19, 1953, the respondent was informed against on a charge of assault with intent to commit murder.
2. On February 19, 1954, trial was had and verdict rendered finding the defendant guilty of aggravated assault.
3. On March 8, 1954, motion for a new trial was denied, the defendant was adjudged guilty and sentenced to one year in the county jail. Notice of appeal was filed and supersedeas allowed.
*148 4. The appeal was perfected to the Circuit Court and on June 25, 1954, by order filed June 26, 1954, the Circuit Court affirmed the judgment and sentence.
5. On July 12, 1954, a petition for rehearing was filed by respondent.[1]
6. On July 16, 1954, the petition for rehearing was denied.
7. On August 11, 1954, the Circuit Judge vacated and set aside his order of July 16, stating, in part, “It being brought to the court that the petition for rehearing in this cause was had without notice to the appellant, said order denying said petition is hereby set aside and the petition will be heard at a later date.” This order was filed August 12, 1954.
8. On October 4, 1955, the Circuit Judge again denied the petition for rehearing and affirmed the judgment of the Criminal Court of Record.[2]
9. On October 18, 1955, the Circuit Judge vacated the immediate prior order of October 4, 1955, stating in part:
“ * * * it appearing to the court that said order of October 4th, 1955, was entered without notice to the appellant and it is therefore
“Ordered and adjudged that said order entered herein on the 4th day of October, 1955, be and the same is hereby vacated, set aside and held for naught.”
This order was filed October 18, 1955.
10. On May 31, 1957, the Circuit Judge signed an order affirming the judgment and sentence of the Criminal Court of Record. Although signed by the Circuit Judge and found in the case file, this order was not filed for record.
11.On June 6, 1957, the Circuit Judge entered what is termed “order and judgment”, reversing the judgment and sentence of the Criminal Court of Record upon the sole ground that the lower court had erred in not submitting theMefense of self-defense to the jury. The said order further ordered a new trial with direction to the Criminal Court of Record that the question of self-defense be submitted to the jury.
It is to this order of June 6, 1957, filed for record the same day, that the State directs its petition for certiorari.
A consideration of the record including all. the testimony taken at the trial in the Criminal Court of Record convinces us that there was no basis for the defense of self-defense and that in reversing on this ground alone, the Circuit Court failed to follow the essential requirements of the law. We likewise hold that on petition for certiorari by the State the supervisory jurisdiction of this court is sufficient to remedy the erroneous application of correct principles of law to admitted facts. Mathews v. Metropolitan Life Insurance Company, Fla. 1956, 89 So.2d 641; 5 Fla.Jur. section 25, p. 517.
The writ of certiorari is therefore granted and the order of the Circuit Court of June 6, 1957, is hereby quashed and the cause remanded to the Circuit Court with directions to affirm the judgment and sentence of the Criminal Court of Record.
KANNER, C. J., and ALLEN, J., concur.

. In view of our ultimate decision, we deem it unnecessary to pass upon the state’s contention that this petition for rehearing was not filed within the 15 days permitted by then 31 F.S.A. Supreme Court Rule 45, which rule is conceded to have been applicable on appellate proceedings in the Circuit Court in the want of a contrary rule. See Long v. State, Fla., 96 So.2d 897.

. The record does not disclose that a mandate went down on either of the af-firmances. If we assume that the Clerk of the Circuit Court performed his duty, we might assume such fact, in which event there would be the serious question of loss of jurisdiction. However, in view of our ultimate decision, it is unnecessary to pass upon this question.