HENDRY, Judge.
The petitioners were found guilty of contributing to the delinquency of a minor as defined in § 828.21 Fla.Stat., F.S.A.,[1] by the Criminal Court of Record of Dade County pursuant to a non-jury trial. They invoked the appellate jurisdiction of the circuit court in order to review that conviction, and the circuit court affirmed the judgment and sentences of the trial *466 court. The petitioners now seek a writ of certiorari to review the circuit court’s decision.
Both petitioners allowed their seventeen year old daughter to use their home in order to give a party for the high school club which had selected her as its sweetheart. During the course of the party, one of the invited guests and his date became intoxicated as a result of drinking alcoholic beverages which were provided by certain members of the party, but not by the petitioners. When the intoxicated couple left the party, a third person who was also attending the party drove their car for them at the request of one of the appellants, because in his judgment the car’s owner was too intoxicated to drive. Shortly thereafter, the girl apparently “passed out” and awoke later that evening, and found herself nude, lying in a gravel ditch.
Since we are dealing with a petition for certiorari, ■ our review is limited to whether the trial court departed from the requirements of law which are essential to the administration of justice. See 5 Fla.Jur., Certiorari § 31-33.
In past cases, the courts of Florida have imparted numerous but consistent definitions of what constitutes such a departure. However, the ever-changing acts of men require the courts to scrutinize the facts and circumstances of each particular case when making this determination. E. g., Flash Bonded Storage Co. v. Ades, 152 Fla. 482, 12 So.2d 164. Based upon this latter rule, recent decisions have been rendered which, on certiorari, examine the propriety of the trial court’s imposition of a penalty for activities not within the prohibition of a penal statute. Dresner v. City of Tallahassee, Fla.1964, 164 So.2d 208; County of Dade v. Baird, Fla.App. 1968, 211 So.2d 609. Such a proceeding may be had without violating the rule which prohibits a petitioner from having a second review of the merits of his case. See 5 Fla.Jur. Certiorari § 31.
It is our opinion that the case sub judice presents such an instance, and therefore we feel that the supervisory jurisdiction of this court may be invoked in order to examine whether correct principles of law were applied to the admitted facts. Snyder v. State, Fla.App.1967, 196 So.2d 217; State v. Staley, Fla.App.1957, 97 So.2d 147.
At once we are confronted with the virtual absence of reported cases dealing with § 828.21, supra, save one, which is State v. Barone, Fla.1960, 124 So.2d 490. In Barone, the basic issue was whether the statute in question was unconstitutionally void for vagueness. After a comparison of the statute with those in other jurisdictions, and a statement of certain universal statutory maxims,[2] the court held that § 828.21 was constitutional.
We are not now confronted with such a collateral attack; however, we must decide the more basic question of whether the act complained of[3] falls within the purview of the Legislature’s intent. As *467 mentioned earlier, our only reported authority is Barone, supra, where case dicta showed that the acts charged as violative of § 828.21 and § 828.19 (the accompanying statute dealing with imposition of penalties) were certain instances of sexual misconduct performed by the defendants which allegedly caused and/or encouraged an unmarried female minor to become a delinquent child. 124 So.2d at 492. Coupling the above decision with the reported set of admitted facts before us, we do not feel that the Legislature intended to brand as criminal those acts or omissions committed by the appellants here. The record shows no solicitation to indulge on behalf of the appellants to the female here involved. The very act of making available their home for their daughter’s social function is not so malum in se as to lead to a criminal penalty for the unexplained[4] consequences later suffered by an intoxicated guest after the party.
Thus, for the reasons stated the writ of certiorari is granted and the order of the circuit court dated March 26, 1968 is hereby quashed and the cause remanded to the circuit court with directions to reverse judgment and sentence of the criminal court of record.
It is so ordered.

. “828.21 Causing minor under eighteen to become a delinquent or dependent child.—
“(1) Any person who shall commit any act which causes or tends to cause or encourage any person under the age of eighteen years to become a delinquent or dependent child, as defined under the laws of Florida, or which act contributes thereto, or any person who shall by act, or by threats, or commands, or persuasion, induce or endeavor to induce any such person, under the age of eighteen years, to do or to perform any act or to follow any course of conduct, or to so live as would cause or tend to cause any such person under the age of eighteen years to become or to remain a dependent or delinquent child, as defined under the laws of this state shall be guilty of a misdemeanor.”

. In discussing a similar case construing a statute nearly identical to § 828.21, Fla.Stat. F.S.A., which arose in the state of Washington, the court said: “The statute did not define or specify the particular act or acts which would constitute the offense of [contributing to the delinquency of a minor]. Nevertheless, the Supreme Court [of Washington] summarized its views on the matter by observing ‘It is within the province of the Legislature in creating an offense to define it by a particular description of the acts constituting it, or to define it as an act which produces a certain defined or described result.’ ” 124 So.2d at 493.

. The information charged that the appellants “did unlawfully commit certain acts which caused, tended to cause or encourage a certain minor, * * * who was then under the age of eighteen years, to *467 become or to remain a delinquent child as defined by the laws of the state of Florida, by defendants giving or permitting said minor to consume an excessive amount of an alcoholic beverage, resulting in such minor becoming intoxicated, by means whereof defendants did contribute to the delinquency of the said minor by causing, tending to cause or encouraging said minor to engage in occupations, behavior or associations such as would injure or endanger the welfare of the said minor child or the welfare of others, in violation of 828.21 and 39.01(11), Fla.Stat., contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the state of Florida.”

. The state has never filed criminal charges other than those in the instant case arising from the facts of this case. The record does not indicate any evidence having been taken to demonstrate rape or other sexual molestation.