CHARLES CARROLL, Chief Judge.
The petitioner was charged by information with bribing a police officer, a felony, in violation of § 838.011 Fla.Stat., F.S.A. He was tried in the criminal court of record of D.ade County without a jury, and was found and adjudged guilty of obstructing an officer in the performance of his duty, without violence to the officer, a misdemeanor under § 843.02 Fla.Stat., F.S.A.[1] The defendant appealed his misdemeanor conviction to the circuit court, which had appellate jurisdiction thereof under Art. V, § 6(3) Fla.Const., F.S.A. That court affirmed, holding the crime for which the defendant was convicted was a lesser included offense of the crime for which he had been charged and was tried.
The matter is now before us on a petition for certiorari filed by the defendant, the appellant in the circuit court. The petitioner argues that the crime of which he was convicted was not a lesser included offense of that with which he was charged, and argues that the two crimes are incompatible. The brief of the respondent presents no argument to the contrary, contending only that the circuit court’s appellate decision on that question is not subject to review here on certiorari.
We hold otherwise. It is within our province, and indeed our duty, to consider on certiorari a contention that the appellate decision of the circuit court was bottomed on a wrong rule of law or upon a misapplication of a rule of law. The Supreme Court of Florida so held in a similar situation in Mathews v. Metropolitan Life Insurance Company, Fla.1956, 89 So.2d 641.
Section 919.16 Fla.Stat., F.S.A. permits conviction of a lesser included offense, defined there as “any offense which is necessarily included in the offense charged,” and provides that the court shall charge the jury in that regard. In the instant case, which was tried without a jury, we hold that the crime of which the defendant was convicted was not a lesser included offense of that with which he was charged, and that the circuit court, on appeal, misapplied the law in holding that it was.
In the case of Brown v. State, Fla. 1968, 206 So.2d 377, the Supreme Court discussed at length the matter of lesser included offenses. The court there dealt separately with crimes divisible into degrees, offenses necessarily included in the offense charged, .and offenses which may or may not be included in the offense charged depending on the accusatory pleading and the evidence. The first two of those categories are inapplicable here. The crime of bribery with which the defendant was charged is not divisible into degrees, and obstructing an officer in the performance of his duty, without violence to the officer, is not an offense “necessarily included in the (bribery) offense charged.” Without the need to express .an opinion here on whether the *449 misdemeanor of which the appellant was convicted was one “which may or may not be included in the offense charged, depending on the accusatory pleading and the evidence,” what occurred here was not such as to place it in that category. The circumstances disclosed, .as recited in the brief of the petitioner without contradiction by respondent, were as follows:
“The testimony produced by the State basically reflects that allegedly the Defendant, Joseph Mangone, gave the officer a ten dollar bill in an effort for him to forget his traffic violation that the officer had allegedly witnessed. The Defendant had testified that he did not have his identification with him, went to the car, secured an envelope which had identification and thereafter delivered same to the officer, and Defendant stated that the officer happened to find a ten dollar bill in there. The officer stated prior to the alleged act of bribery that he was going to issue to the Defendant two citations, one for driving on the right hand side of the roadway, and two for not having driver’s license with him at the time of being stopped. At the conclusion of the trial, the Court adjudicated the Defendant guilty of the crime of obstructing an officer in the execution of legal process in violation of Florida Statutes 843.02.”
It was held in Brown v. State, supra, that with regard to the category of offenses which may or may not be included in the offense charged, depending on the accusatory pleading and the evidence, the information should allege all of the elements of the lesser offense even though the latter is not an essential ingredient of the major offense alleged. In addition, the evidence must support the allegation of the lesser included offense, in order for it to be submitted for the consideration of the trier of facts. Those requirements were not met with reference to the lesser offense of which the defendant was convicted.
Accordingly, the circuit court’s judgment of affirmance is quashed, and the cause is remanded to the circuit court with direction to enter an order reversing the judgment of conviction and remand the cause to the trial court with direction to discharge the petitioner-defendant.
It is so ordered.

. “Whoever shall obstruct or oppose any such officer, beverage enforcement agent, any member of the Florida probation and parole commission or any administrative aide or supervisor employed by said commission or any personnel or representative of the Florida Bureau of Law Enforcement or legally authorized person, in the execution of legal process or in the lawful execution of any legal duty, without offering or doing violence to the person of the officer, shall be punished by imprisonment not exceeding one (1) year, or by fine not exceeding one thousand dollars ($1,000.00).”