319 So.2d 114 (1975)
Odessa D. TAYLOR, Petitioner,
v.
STATE of Florida, Respondent.
No. 75-604.
District Court of Appeal of Florida, Second District.
September 26, 1975.
*115 Charles W. Ehrlich, St. Petersburg, for petitioner.
Robert L. Shevin, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for respondent.
HOBSON, Judge.
Petitioner, Taylor, seeks certiorari review of an order of the circuit court, acting in its appellate capacity, which reversed an order of the county court granting petitioner's motion to dismiss the information filed against her.
The county court, after hearing, concluded that the undisputed facts would not show a prima facie case of guilt, and dismissed the charge, basing its finding on Jolley v. City of Jacksonville, Fla.App.1st 1973, 281 So.2d 901.
The facts stipulated at the hearing were that at approximately 1:15 a.m. Police Officer Gell responded to a call of a disturbance created by loud record playing at a duplex apartment. When the officer stood on the porch of the duplex he smelled marijuana coming from one of the apartments. Officer Gell looked through a window and saw three males smoking what appeared to be marijuana cigarettes, but did not see any of the females smoking marijuana cigarettes nor did he see any cigarettes being passed around. The officer saw petitioner, Odessa Taylor, sitting on a couch between a male and a female. Officer Gell knocked on the door and arrested everyone in the room. On the floor next to the sofa was found a plastic baggie containing a small amount of marijuana, some marijuana particles were on the cushions of the sofa, and some crushed marijuana cigarette butts were found in the room. Taylor did not own or live in the premises and did not know the names of the owners. Someone had told her there was a party going on and she had arrived about twenty minutes prior to the arrest. Taylor does not smoke marijuana, was offered a marijuana cigarette at the party which she refused, and the only thing she had was some beer.
Taylor was charged with possession of less than five grams of marijuana. Charges were later dropped by the State against the two persons who sat on the sofa on either side of Taylor.
We are not concerned with whether the county court was correct in relying *116 on Jolley, supra. On this petition for writ of certiorari our review is limited to the face of the record to determine whether the circuit court has exceeded its jurisdiction, failed to follow the essential requirements of the law, or applied the wrong rule of law to admitted facts. Mathews v. Metropolitan Life Insurance Company, Fla. 1956, 89 So.2d 641; State v. Staley, Fla.App.2d 1957, 97 So.2d 147; Zediker v. State, Fla.App.3d 1969, 218 So.2d 464; Mangone v. State, Fla.App.3d 1969, 219 So.2d 447; Coffman v. State, Fla.App.4th 1974, 292 So.2d 608.
Even where drugs are found on premises in joint possession, the proof must establish both the accused's knowledge of the presence of the drug and his ability to maintain control over it or reduce it to his personal dominion. Spataro v. State, Fla.App.2d 1965, 179 So.2d 873. This will not be inferred but must be established by proof. Frank v. State, Fla. App.1st 1967, 199 So.2d 117; Markman v. State, Fla.App.3d 1968, 210 So.2d 486; Harris v. State, Fla.App.3d 1974, 307 So.2d 218.
The only evidence in the case sub judice with which the State could prove that Taylor could maintain control over the marijuana or had the ability to reduce it to her personal dominion was her proximity to it. This is circumstantial evidence. In order for circumstantial evidence to be sufficient for conviction it must be consistent with the accused's guilt, inconsistent with innocence and must exclude every reasonable hypothesis except that of guilt. Harris, supra.
The evidence in this case is not only subject to the hypothesis of Taylor's guilt but is also subject to the equally reasonable hypothesis of her innocence in that the marijuana was in the possession of the owner of the apartment or one of the other occupants. Langdon v. State, Fla.App.3d 1970, 235 So.2d 321.
Taylor did not have control or joint control of the premises, but was a mere visitor with no apparent authority to treat the drugs as her own. Arant v. State, Fla. App.1st 1972, 256 So.2d 515; D.M.M. v. State, Fla.App.2d 1973, 275 So.2d 308.
Constructive possession may be inferred from other incriminating statements or circumstances. Frank, supra; Markman, supra. In the case sub judice the State did not present any other incriminating circumstances from which possession could be inferred.
The trial judge was correct in holding that the State failed to make out a prima facie case of guilt under the statute involved. In reversing the county judge's order, the circuit court applied the wrong rule of law to admitted facts. Mathews, supra; Staley, supra; Zediker, supra; and Mangone, supra.
The writ of certiorari is hereby granted, the order of the circuit court is quashed, and the cause remanded to the circuit court with directions to affirm the order of the county court.
McNULTY, C.J., and BOARDMAN, J., concur.