SCHEB, Acting Chief Judge.
Manuel Gonzalez seeks a writ of certiora-ri on the ground that the circuit court departed from the essential requirements of law in affirming his conviction in the county court.
The state charged Gonzalez with three counts of violating the Farm Labor Registration Laws, which require every farm labor contractor to carry a certificate of *426 registration, take out certain insurance, and produce evidence of a vehicle inspection. §§ 450.33(1), (5), and (9), Pla.Stat. (1981).
The county court, in a bench trial, found Gonzalez guilty of all three counts and placed him on six-months probation and assessed costs against him. Gonzalez appealed to the circuit court contending that the evidence was legally insufficient to show that he was a farm labor contractor within the meaning of the statutes. The circuit court found the evidence sufficient and affirmed the judgment and sentence.
Section 450.28(l)(a) defines a farm labor contractor as:
Any person who, for a fee or other valuable consideration, recruits, transports into or within the state, supplies, or hires at any one time in any calendar year 10 or more farm workers to work for, or under the direction, supervision, or control of, a third person_ (Emphasis supplied.)
Gonzalez urges that the evidence before the county court was deficient in that it failed to establish that he received any fee or other valuable consideration. We agree and grant his petition for writ of certiorari.
The evidence before the county court disclosed that on November 30, 1982, Gonzalez, who lived at Hallmark Farms, drove his pick-up truck to work at nearby Trophy Farms in Hillsborough County. He was accompanied by three of his sons and seven other persons. The Border Patrol had set up a roadblock at the gate of Trophy Farms, and when Gonzalez approached that point, the patrol stopped him and removed four allegedly illegal aliens from his truck. At that point the Border Patrol issued a citation for Gonzalez to appear on the charges noted.
At trial the state produced three witnesses. On the issue of whether Gonzalez received a fee or other valuable consideration, Raymond Coyle of the Department of Labor testified:
Q. What is the valuable consideration?
A. The job.
Q. What job?
A. The job that he was going to at Trophy Farms.
Q. Now, the fact that somebody is taking somebody to work with them is a valuable consideration?
A. Sure.
Q. Can you explain that?
A. The fact being that he was taking them there to work. As he told me, they were all going there for the job and he was driving. And also that he was going to register that morning to be a farm labor contractor and he had every intention of being a farm labor contractor based on conversation or I would never have written him.
Gonzalez testified that he was paid $1.25 a flat for picking berries, the same as everyone else received, and that he did not receive any fee for transporting workers into the field. He further stated that the workers who were with him had just jumped into the truck and said, “We want to go too.” The state did not contradict this testimony.
The other two witnesses for the state offered no testimony on the issue of consideration. The state’s evidence, however, did reveal that Gonzalez’ truck had the words “The Boss,” painted on it. Additionally, the court received testimony that on the day before the incident Gonzalez had applied to the Department of Labor for a crewleader registration card.
The state argues that the fact that the vehicle driven by petitioner was transporting ten individuals to work and had the words “The Boss” painted on it was evidence from which the county court could infer that Gonzalez was a farm labor contractor. Therefore, the state contends the evidence at trial was legally sufficient and that Gonzalez now is merely seeking a second appeal after his conviction was affirmed by the circuit court.
While certiorari cannot be used by a defendant to attempt a re-evaluation of the probative weight of the evidence, Dresner *427 v. City of Tallahassee, 164 So.2d 208 (Fla.), cert. dismissed, 378 U.S. 539, 84 S.Ct. 1895, 12 L.Ed.2d 1018 (1964), nevertheless, when there is no evidence on a material element of a crime, it is appropriate that certiorari be granted notwithstanding an affirmance of a conviction by the circuit court sitting in its appellate capacity. Zediker v. State, 218 So.2d 464 (Fla. 3d DCA 1969); Newman v. State, 174 So.2d 479 (Fla. 2d DCA 1965).
The evidence is uncontroverted that petitioner was going to a job and receiving the same flat rate of pay as every other worker. This does not constitute “valuable consideration” under section 450.28(l)(a). The fact that “The Boss” was painted on his truck is no indication that he received any consideration for transporting the workers who were riding with him. Moreover, the fact that Gonzalez was in the process of applying to become a farm labor contractor at another farm is not proof that he was acting in that capacity at the time and place he was charged with the violations.
The evidence before the county court was legally insufficient to sustain Gonzalez’ convictions, and, on appeal, he was entitled to have those convictions vacated. We, therefore, reverse the circuit court’s affirmance of his convictions and direct that an order be entered discharging Gonzalez.
CAMPBELL and SCHOONOVER, JJ., concur.