467 So.2d 829 (1985)
Raymond D. HONS, Appellant,
v.
STATE of Florida, Appellee.
No. 84-1467.
District Court of Appeal of Florida, Second District.
April 26, 1985.
Richard N. Watts and Philip W. Dann of Philip W. Dann, P.A., St. Petersburg, Florida for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Peggy A. Quince, Asst. Atty. Gen., Tampa, for appellee.
FRANK, Judge.
The appellant, Hons, upon a plea of nolo contendere with reservation of the right to appeal, was convicted of possessing and controlling more than twenty grams of marijuana in a setting requiring our reversal. The facts underlying our decision derive from the appellant's motion seeking dismissal of the information and the state's demurrer.
Hons went to the home of Mrs. Francis Larkins to repair the brakes on her car. After completing his work, he went into the house to wash. Hons had in the past been a visitor at the Larkins' home and on this occasion, at approximately 12:00 to 12:30 A.M., he joined in a conversation with James and Scott Larkins. At about that same time a deputy sheriff in the vicinity observed Hons and the two Larkins through a picture window in an illuminated room of the Larkins' house. From a distance of approximately seventy-five feet, the deputy observed Hons and the Larkins passing a cigarette in a manner indicating to him they were smoking marijuana. He smelled the odor of marijuana coming from a window and upon further observation he saw two baggies of leafy substance on a coffee table. The deputy then knocked on the window, summoned Hons and the two Larkins boys to the front door, and then entered the house. He seized the two baggies, which were subsequently found to contain marijuana in excess of twenty grams. Hons and James Larkins denied ownership of the marijuana. Later, at the *830 jail, Scott Larkins admitted that the marijuana was his.
Although the facts before us may suggest a bare possibility that Hons had constructive possession of and control over the marijuana seized by the deputy, they are certainly not sufficient to support a finding of possession and control beyond and to the exclusion of every reasonable doubt. Taylor v. State, 319 So.2d 114 (Fla. 2d DCA 1975). Here, no differently from Judge Hobson's observation in Taylor, a case bearing substantial similarity to the one at hand, "[t]he evidence ... is not only subject to the hypothesis of [Hons'] guilt but is also subject to the equally reasonable hypothesis of [his] innocence ..." 319 So.2d 116. Hons was merely a visitor in the Larkins' home, not a resident; he had no control or dominion over the premises. Cf. Brown v. State, 428 So.2d 250 (Fla. 1983). Viewing the deputy's testimony given at his deposition in its entirety and in a light most favorable to the state, we can find no basis upon which to conclude that Hons acted in a manner disclosing an "apparent authority to treat the [marijuana] as [his] own." Taylor, 319 So.2d at 116. There is no evidence indicating that Hons even touched the baggies, let alone that he extracted any marijuana from them. Indeed, the only evidence from which the state could attempt to prove that Hons controlled or exercised a proprietary interest in the marijuana was his proximity to it. That fact, alone, will not support a conviction for the crime with which he was charged. Id. Neither will the remaining circumstantial evidence composed solely of the deputy's distant observation that Hons appeared to be smoking in a fashion associated with the consumption of marijuana and the odor it emits when burned. On this state of the record, to sustain the conviction would require that we conclude from inferences that Hons had control over the marijuana. In the absence of exclusive possession of the premises, however, knowledge of the presence of the controlled substance and Hons's ability to maintain control over it must be established by proof and not by inference. Hall v. State, 382 So.2d 742 (Fla. 2d DCA 1980).
Reversed and remanded with direction that the lower court set aside the conviction and vacate the sentence.
OTT, A.C.J., and LEHAN, J., concur.