526 So.2d 1014 (1988)
Ricardo ELIAS, Appellant,
v.
STATE of Florida, Appellee.
No. 87-2211.
District Court of Appeal of Florida, Second District.
June 15, 1988.
*1015 Robert W. Pope of Pope & Henninger, P.A., St. Petersburg, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
LEHAN, Judge.
Defendant appeals his conviction for trafficking in cocaine. We reverse. Defendant raises two issues on appeal, but our disposition of the issue as to the sufficiency of the evidence renders discussion of the other issue unnecessary.
Defendant and David Pearce checked into a motel room, but later moved to a second room because the first room was too cold. Shortly after the move to the second room, the first room was visited by various motel employees, including a maid who found a rock of cocaine under the pillow on one of the beds in the room. The police were notified. They removed the cocaine from the room and began watching both motel rooms at about midnight. For the next two and one-half hours, no one entered the first motel room, while several unidentified people went into and out of the second room.
At about 2:30 a.m., a man identifying himself as Pearce called the motel front desk and asked to be allowed back into the first room to retrieve something he had left there. The defendant then arrived at the front desk and was taken to the first room. He was seen searching the bed near where the cocaine had been found and was arrested for trafficking in cocaine.
Defendant contends that the evidence at trial was insufficient to prove the charge against him. We agree. There was no evidence that defendant sold, purchased, manufactured, delivered or brought into the state any cocaine or that he was in actual possession of cocaine in violation of section 893.135(1)(b), Florida Statutes (1987). Therefore, his conviction was proper only if the evidence showed that he constructively possessed the cocaine.
To prove constructive possession of contraband, the state must prove (1) the defendant's ability to exercise dominion and control over the contraband; (2) his knowledge of the presence of the contraband; and (3) his awareness of the illicit nature of the contraband. See Johnson v. State, 456 So.2d 923, 924 (Fla. 3d DCA 1984). In this case there was no proof of the second or third requirement.
The facts of this case are not sufficient to support a finding of possession and control beyond and to the exclusion of every reasonable doubt. See Hons v. State, 467 So.2d 829, 830 (Fla. 2d DCA 1985); Poitier v. State, 525 So.2d 472 (Fla. 5th DCA 1988). As in Hons, there is no evidence here that defendant even touched the cocaine. In Hons the evidence was insufficient to show that defendant exercised dominion over drugs because the evidence showed only his proximity to the drugs. Here, in addition to defendant's proximity to the cocaine, the state relies on defendant having registered for the motel room. However, the evidence also shows that other people had been in the room and that Pearce also apparently exercised, or at *1016 least had the ability to exercise, control over the room. It was Pearce, or someone using his name, who called the front desk and obtained permission to re-enter the room after it had been vacated. When arrested, defendant was not in possession of the cocaine. He had only been seen searching the bed where the cocaine had been located.
We agree with defendant that the evidence fails to exclude all reasonable hypotheses of innocence. See Mishmash v. State, 423 So.2d 446 (Fla. 1st DCA 1982). For example, there was evidence that other articles had been left in the room, and it was not an unreasonable hypothesis that he was looking for something other than the cocaine.
The conviction is vacated.
SCHOONOVER, A.C.J., and HALL, J., concur.