687 So.2d 926 (1997)
Anthony VON GOFF, Petitioner,
v.
STATE of Florida, Respondent.
No. 96-03977.
District Court of Appeal of Florida, Second District.
February 5, 1997.
*927 Julianne M. Holt, Public Defender; and Shea T. Moxon, Assistant Public Defender, Tampa, for Petitioner.
Robert A. Butterworth, Attorney General, Tallahassee; and Jon J. Johnson, Assistant Attorney General, Tampa, for Respondent.
PER CURIAM.
Anthony Von Goff petitions this court to issue a writ of certiorari on the ground that the circuit court departed from the essential requirements of law in affirming his county court conviction for loitering and prowling. We agree that the evidence at appellant's nonjury trial was legally insufficient to support the conviction. We, therefore, grant the petition for certiorari, quash the circuit court's order affirming his conviction, and remand with directions to the circuit court to enter an order discharging appellant.
Sergeant Lane of the Plant City Police Department testified at appellant's nonjury trial in county court that at approximately 9:00 p.m. on September 20, 1995, he observed appellant "sitting around the bathroom area located next to some dumpsters alongside the Coastal Mart." The officer stated that during the last several months there had been "numerous shootings, robberies, prostitutes working out of the restroom area, and we made some drug cases there and open container arrests at the same store." The officer's testimony was that appellant was "just sitting" there. During the time the officer observed appellant, he did not see an open container, prostitutes around the restroom, or any evidence of drug dealing. Furthermore, the store was open for business. The officer indicated that he approached appellant and asked what he was doing there. Appellant stated he was waiting for a friend, but refused to give the officer his friend's name. Appellant also refused to give the officer his name stating that he did not have to tell it to him. The officer then arrested appellant for loitering and prowling. After the state rested, appellant moved for a judgement of acquittal on the ground there was no imminent breach of the peace or threat to public safety as required by section 856.021(1), Florida Statutes (1995). Appellant renewed his motion for judgement of acquittal at the close of the defense's case.[1]
The test we must apply in reviewing appellant's petition for certiorari is whether there has been a departure from the essential requirements of law resulting in a miscarriage of justice. Combs v. State, 436 So.2d 93 (Fla.1983); Haines City Community Development v. Heggs, 658 So.2d 523 (Fla. 1995). In Gonzalez v. State, 443 So.2d 425 (Fla. 2d DCA 1984), the defendant sought a writ of certiorari on the ground that the circuit court departed from the essential requirements of law in affirming his county court conviction. The defendant was convicted at nonjury trial. In his appeal to the circuit court he claimed that the evidence was legally insufficient to support the conviction. The Gonzalez court stated that "[w]hile certiorari cannot be used by a defendant to attempt a reevaluation of the probative weight of the evidence, nevertheless, when there is no evidence on a material element of the crime, it is appropriate that certiorari be granted notwithstanding an affirmance of a conviction by the circuit court sitting in its appellate capacity." Gonzalez, 443 So.2d at 426. (citations omitted). Although the Gonzalez court did not explicitly say so, where, at trial, the state presents no evidence of a material element of a crime and the defendant *928 is convicted, this would constitute a miscarriage of justice.
The offense of loitering and prowling contains two elements: first the accused must be loitering and prowling in a manner not usual for law-abiding citizens; and second, the loitering and prowling must be under circumstances that threaten the public safety. State v. Ecker, 311 So.2d 104 (Fla.), cert. denied, Bell v. Florida, 423 U.S. 1019, 96 S.Ct. 455, 46 L.Ed.2d 391 (1975). With regard to the second element, "the police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant a finding that a breach of the peace is imminent or the public safety is threatened." Ecker, 311 So.2d at 109 (quoting Terry v. Ohio, 392 U.S. 1, 21, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889, 906 (1968)). See also Williams v. State, 674 So.2d 885 (Fla. 2d DCA 1996). "Moreover, failure to provide identification is not an element of the charged offense. While the statute gives the suspect an opportunity to explain his presence and conduct, the criminal conduct must be completed prior to any action by police officers." E.B. v. State, 537 So.2d 148 (Fla. 2d DCA 1989) (citations omitted). See also R.D.W. v. State, 659 So.2d 1193 (Fla. 2d DCA 1995)(holding that offense of loitering and prowling must be completed prior to any police action).
In the present case, assuming that sitting near an open convenience store constitutes loitering and prowling in a manner unusual for law-abiding citizens, there was no evidence introduced at trial indicating that appellant's actions were creating an imminent threat to the safety of persons or property in the area. See T.W. v. State, 675 So.2d 1018 (Fla. 2d DCA 1996)(holding that juvenile's presence one foot from closed pawn shop at 4:00 a.m. while carrying chain saw case did not create imminent threat to the safety of persons or property in the area); R.D.W. (holding that juvenile's and two other boys' actions in wearing jackets on warm August night while riding bikes through two grocery store parking lots and looking around, then appearing to hide their bikes and jackets in the bushes in back of a third grocery store while they scanned the vehicles and people in the parking lot before riding away, did not constitute an imminent threat to public safety).
Because there was no evidence of a material element of the offense of loitering and prowling, the order of the circuit court must be quashed. Accordingly we grant the petition, issue the writ and remand with directions to the circuit court to enter an order discharging appellant.
THREADGILL, C.J., and SCHOONOVER and BLUE, JJ., concur.
NOTES
[1] Appellant's testimony differed from the officer's in that he stated he told the officer he was waiting for an employee of the Coastal Mart to get off work.