903 So.2d 1031 (2005)
G.G., A Child, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-2103.
District Court of Appeal of Florida, Fourth District.
June 15, 2005.
*1032 Carey Haughwout, Public Defender, and John M. Conway, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Melanie Dale Surber, Assistant Attorney General, West Palm Beach, for appellee.
MAY, J.
A juvenile appeals his finding of guilt and disposition following an adjudicatory hearing on a loitering and prowling charge. He argues the evidence was insufficient to establish guilt. We agree and reverse.
Around 3:45 in the morning, a deputy observed two male juveniles emerge from behind a shopping plaza. Upon seeing the patrol unit, the juveniles ran back behind the plaza. Without activating her lights or siren, the deputy pursued them. She noticed one of them (not the defendant) was carrying an object that was later identified as a piece of brick.
The deputy reached the juveniles within ten to fifteen seconds, at which time they stopped running and stood still. They advised the deputy they were looking for their dog. The deputy didn't believe them because they were not carrying a leash and had not called the police for assistance.
The deputy asked the juveniles for their names. The defendant initially gave her a fictitious name. Disbelieving him, the deputy read them their Miranda[1] rights. The defendant then advised the deputy of his real name, date of birth, and address. He still maintained he was looking for his dog. The deputy arrested the defendant for loitering and prowling.
The State filed a petition for delinquency, alleging the defendant "unlawfully loiter[ed] or prowl[ed] in a place, at a time or in a manner not usual for law-abiding individuals, under circumstances that warranted a justifiable and reasonable alarm or immediate concern for the safety of persons or property." At the adjudicatory hearing, the deputy testified the defendant's evasiveness and unsatisfactory responses to her questions failed to dispel her alarm and concern for the public's safety...." The defendant moved for a judgment of dismissal. The trial court denied the motion and found the defendant guilty.
"The standard of review that applies to a motion for judgment of dismissal *1033 in a juvenile case is the same standard that applies to a motion for judgment of acquittal in a criminal case." See A.P.R. v. State, 894 So.2d 282, 284 (Fla. 5th DCA 2005). Because the motion tests the legal sufficiency of the State's evidence, we review the issue de novo. Id.
The defendant argues the trial court erred in denying his motion for judgment of dismissal because the State failed to prove the requisite elements of loitering and prowling beyond a reasonable doubt. More specifically, the defendant suggests the State failed to "establish an imminent breach of the peace or threat to public safety." We agree.
The crime of loitering and prowling requires proof of two elements, both of which "must be committed in the officer's presence prior to arrest." Grant v. State, 854 So.2d 240, 242 (Fla. 4th DCA 2003). First, the State must show the arresting officer observed the defendant "loitering and prowling in a manner not usual for law-abiding citizens." Von Goff v. State, 687 So.2d 926, 928 (Fla. 2d DCA 1997). Here, this element was proven because the defendant was seen behind shops of a closed plaza at 3:45 in the morning. See, e.g., C.H.S. v. State, 795 So.2d 1087 (Fla. 2d DCA 2001).
The second element requires the arresting officer to articulate specific facts which, when "taken together with rational inferences from those facts, reasonably warrant a finding that a breach of the peace is imminent or the public safety is threatened." Von Goff, 687 So.2d at 928 (quoting State v. Ecker, 311 So.2d 104, 109 (Fla.1975)). Circumstances to be considered in determining whether a breach of the peace is imminent or public safety is threatened are whether the person takes flight, refuses to identify himself, or attempts to conceal himself or an object. See 856.021(2), Fla. Stat. (2004).
While these circumstances may justify an officers alarm, that alarm can be dispelled. In fact, the loitering and prowling statute requires the officer to provide the person with the opportunity to dispel any alarm created by those circumstances. See Id.
Florida cases sustaining convictions for loitering and prowling have "uniformly involved incipient crime situations which satisfy" the second element of the statute. D.A. v. State, 471 So.2d 147, 151 (Fla. 3d DCA 1985); see also Hardie v. State, 333 So.2d 13 (Fla.1976) (defendant observed at 2:55 a.m. rummaging through two separate cars at a closed gas station); Bell v. State, 311 So.2d 104, (Fla.), cert. denied, 423 U.S. 1019, 96 S.Ct. 455, 46 L.Ed.2d 391 (1975) (defendant found hiding in the bushes at a private dwelling at 1:20 a.m.); In re A.R., 460 So.2d 1024 (Fla. 4th DCA 1984) (juvenile observed on two occasions standing on the sidewalk in a high-crime area watching traffic at 10:00-11:00 p.m. while his companion entered fenced car lots, peeked into car windows and tried car doors).
In contrast, in Von Goff, the defendant was seen by an officer sitting by the bathroom area near some dumpsters by an open market. The area was known for criminal activity. The defendant advised the officer he was waiting for a friend, but refused to identify himself or his friend. The court held the evidence failed to establish the defendant's conduct created an imminent threat to public safety and reversed the defendant's conviction for loitering and prowling. We conclude the present case requires the same result.
Here, the defendant's brief flight from the deputy and his initial failure to give the deputy his correct name was sufficient to raise alarm in the officer. However, the defendant shortly thereafter revealed his correct name, address, and date of birth; i.e., he was able to dispel the officer's *1034 alarm. The deputy was therefore unable to articulate any fact that demonstrated the defendants conduct posed a threat to public safety or an imminent breach of the peace. The evidence simply did not establish beyond a reasonable doubt the defendant committed the crime of loitering and prowling.
For this reason, we reverse the finding of guilt and remand the case to the trial court to vacate the disposition order.
WARNER and GROSS, JJ., concur.
NOTES
[1] See Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).