# Third District Court of Appeal

### State of Florida

Opinion filed October 01, 2014.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D13-560
Lower Tribunal No. 07-22156
_____

**Emilio Perez-Tejon,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, William L. Thomas, Judge.

Carlos J. Martinez, Public Defender, and Manuel Alvarez, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Linda S. Katz, Assistant Attorney General, for appellee.

Before SUAREZ, ROTHENBERG, and SALTER, JJ.

ROTHENBERG, J.

The appellant, Emilio Perez-Tejon ("the defendant"), appeals his conviction and sentence for first degree murder and carjacking, arguing that the trial court improperly denied his motion to suppress the physical evidence and the statement he gave to the police. The defendant contends that his initial stop and arrest for loitering or prowling, which revealed evidence that later led to his conviction for murder and carjacking, was not supported by probable cause. Because the evidence clearly establishes the officer had probable cause to arrest the defendant for loitering or prowling, we affirm.

The facts underlying the defendant's arrest are as follows. Officer Cabrera was patrolling a high-crime area in Hialeah that had been the subject of many recent home and vehicle break-ins and burglaries. At approximately 2:30 a.m., Officer Cabrera saw the defendant running down the street alone. His suspicions aroused, Officer Cabrera followed the defendant in his patrol vehicle for a short distance with the vehicle's lights off. Shortly thereafter, Officer Cabrera observed the defendant pulling and jiggling the driver-side door handle of a van and then walking around the van and attempting to open the door on the van's passenger side. It appeared to Officer Cabrera that the defendant was attempting to break into the vehicle.

At this point, Officer Cabrera activated his police lights and got out of his vehicle. When Officer Cabrera called out to the defendant, he attempted to

conceal himself by lying down behind the van. After Officer Cabrera again called out to the defendant, the defendant got up and began running. Officer Cabrera returned to his vehicle and began pursuing the defendant. The defendant was eventually detained after his clothing got stuck while he was attempting to climb over a chain link fence.

After handcuffing the defendant and reading the defendant his Miranda[1] rights, Officer Cabrera asked the defendant why he had hidden from him and run away. The defendant, who appeared nervous, told Officer Cabrera that he was only coming from McDonald's. However, without prompting, the defendant changed his story and told Officer Cabrera that he was coming from a friend's house. When Officer Cabrera asked the defendant if the van he had tried to enter was his, the defendant admitted that he did not know whose van it was, and Officer Cabrera arrested the defendant for loitering or prowling.

Before placing him in the police car, Officer Cabrera searched the defendant's pockets, where he found a driver's license and two credit cards that did not belong to the defendant. The defendant told Officer Cabrera that he had simply found these items on the ground. Another officer, Sergeant Ana Guerra of the Hialeah Police Department, responded to the scene and noticed a Chevrolet Impala that had been stripped for parts a few blocks away. The officers decided to

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

take the defendant to the police station to question him about the driver's license and credit cards found on the defendant's person as well as the stripped vehicle.

After a few hours of questioning in which the defendant told many different versions of the events, the defendant confessed that he, along with several cohorts, had carjacked and then stripped the Chevrolet Impala. Further investigation revealed that the driver's license and credit cards in the defendant's possession at the time of his arrest belonged to the owner of the stripped Chevrolet Impala, Andres Del Castillo, whose body was found in the parking lot of a nearby warehouse with two gunshot wounds. The defendant and his accomplice, Cesar Ruiz, were ultimately charged with and convicted of carjacking and the first degree murder of Mr. Castillo. This appeal followed.

The defendant's argument at the suppression hearing, as well as before us on appeal, is that Officer Cabrera did not have probable cause to arrest the defendant for loitering or prowling, and therefore, any evidence obtained as a result of that arrest, including the defendant's confession, was inadmissible as fruit of an illegal search and seizure.

Section 856.021 of the Florida Statutes (2007), the loitering or prowling statute, provides as follows:

(1) It is unlawful for any person to loiter or prowl in a place, at a time or in a manner not usual for law-abiding individuals, under circumstances that warrant a justifiable and reasonable alarm or

immediate concern for the safety of persons or property in the vicinity.

(2) Among the circumstances which may be considered in determining whether such alarm or immediate concern is warranted is the fact that the person takes flight upon appearance of a law enforcement officer, refuses to identify himself or herself, or manifestly endeavors to conceal himself or herself or any object. Unless flight by the person or other circumstance makes it impracticable, a law enforcement officer shall, prior to any arrest for an offense under this section, afford the person an opportunity to dispel any alarm or immediate concern which would otherwise be warranted by requesting the person to identify himself or herself and explain his or her presence and conduct. No person shall be convicted of an offense under this section if the law enforcement officer did not comply with this procedure or if it appears at trial that the explanation given by the person is true and, if believed by the officer at the time, would have dispelled the alarm or immediate concern.

(3) Any person violating the provisions of this section shall be guilty of a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083.

The case law interpreting section 856.021 has found that the State must prove two elements to support an arrest for loitering or prowling: (1) the defendant loitered or prowled in a place, time, or manner that would be unusual for law-abiding citizens; and (2) the loitering or prowling was under such circumstances as would warrant a justifiable and reasonable alarm or immediate concern for the safety of nearby persons or property. M.R. v. State, 101 So. 3d 389, 392 (Fla. 3d DCA 2012).

The first element of this offense requires the State to demonstrate that the defendant had more than a "vaguely suspicious presence." Mills v. State, 58 So. 3d 936, 939 (Fla. 2d DCA 2011) (quoting J.S.B. v. State, 729 So. 2d 456, 457 (Fla.

5

2d DCA 1999)).  Thus, the State must prove that the defendant was "engaged in incipient criminal behavior which law-abiding people do not usually engage in given the time, place, or manner of the conduct involved."  E.C. v. State, 724 So. 2d 1243, 1244 (Fla. 4th DCA 1999), quoted by B.J. v. State, 951 So. 2d 100, 102-03 (Fla. 4th DCA 2007).  A showing that the defendant's conduct came close to, but fell short of, the actual commission or attempted commission of a substantive crime will suffice.  M.R., 101 So. 3d at 392.

The second element of the offense requires a set of circumstances establishing that the defendant's behavior is alarming in nature, creating an imminent threat to nearby persons or property.  Id.; see also § 856.021(1).  The officer must articulate specific facts which, when taken together with rational inferences therefrom, support a finding that a breach of the peace or a threat to public safety is imminent.  G.G. v. State, 903 So. 2d 1031, 1033 (Fla. 4th DCA 2005) (citing Von Goff v. State, 687 So. 2d 926, 928 (Fla. 2d DCA 1997)). "Notably, 'alarm is presumed under the statute if the defendant flees, conceals himself or any object, or refuses to identify himself when law enforcement appears.'"  M.R., 101 So. 3d at 393 (quoting B.J., 951 So. 2d at 102).

Here, the defendant's conduct, particularly given the timing and circumstances of the events, clearly satisfy the first element of the offense.  Officer Cabrera saw the defendant running alone on a dark street in a high crime area at

6

2:30 a.m. He then observed the defendant attempt to open a vehicle to which he obviously had no keys, trying first one door and then another door of the vehicle. When the defendant became aware of Officer Cabrera's presence and the officer activated his emergency lights, the defendant attempted to conceal himself behind the van and then fled from Officer Cabrera. These are textbook examples of the "alarm" required in the statute, and are even specifically mentioned in section 856.021(2). Finally, when Officer Cabrera asked the defendant to explain what he was doing, the defendant provided contradictory statements, and he admitted that he did not know whose van he had just tried to enter.

Based on this evidence, the trial court correctly concluded that there was probable cause to support the defendant's arrest for loitering or prowling. Thus, the evidence obtained after the defendant's arrest was lawfully obtained.

Affirmed.