THREADGILL, Judge.
B.S., a juvenile, appeals an adjudication of delinquency for possession of an alcoholic beverage by a person under twenty-one years of age. He argues the trial court erred in denying his motion for judgment of acquittal because the state failed to prove possession. We agree and reverse.
The evidence presented at trial established that the appellant was not in actual possession of the alcoholic beverage. It was therefore necessary for the state to prove constructive possession. Constructive possession exists where an accused does not have physical possession of contraband, but knows it is within his presence and has the ability to maintain control over it. Brown v. State, 428 So.2d 250, 252 (Fla.1983).
The evidence viewed in the light most favorable to the state establishes the following. A grocery store manager observed the appellant and his co-defendant, both juveniles, walking very quickly down the back aisle of the store. The two entered a bathroom. The manager stood at the door, heard one of the juveniles say “hurry up” and then heard a bottle being opened. The manager entered the bathroom and observed the co- *155 defendant guzzling a wine cooler while the appellant stood approximately one foot away, watching him drink. The co-defendant dropped the alcoholic beverage in a garbage can and attempted to leave the bathroom. The manager detained the juveniles and called the police.
It is undisputed that the appellant knew the alcoholic beverage was within his presence. The state failed, however, to prove the appellant had dominion and control over the alcohol. Because the appellant did not have exclusive control of the area in which he and his co-defendant were found with the alcohol, it could not be inferred that the appellant had control of the alcohol without other incriminating evidence to support that inference. Ras v. State, 610 So.2d 24, 25 (Fla. 2d DCA 1992). The only such evidence presented by the state was the appellant’s proximity to the alcoholic beverage. “Mere proximity to contraband, standing alone, is insufficient to establish constructive possession of the substance.” Rogers v. State, 586 So.2d 1148, 1151 (Fla. 2d DCA 1991); see also Agee v. State, 522 So.2d 1044 (Fla. 2d DCA 1988). The evidence was, therefore, insufficient to support the appellant’s conviction for possession of an alcoholic beverage by a person under twenty-one years of age.
Reversed.
FRANK, C.J., and BLUE, J., concur.