708 So.2d 962 (1998)
Daniel Robert HOFFMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 97-714.
District Court of Appeal of Florida, Fifth District.
March 6, 1998.
*964 James B. Gibson, Public Defender, and Noel A. Pelella, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Carmen F. Corrente, Assistant Attorney General, Daytona Beach, for Appellee.
DAUKSCH, Judge.
This is an appeal from a judgment and sentence for second degree murder with a firearm. The issues on appeal are denial of a motion for judgment of acquittal, refusal to give a portion of a standard jury instruction, and exclusion from evidence of defendant's recorded statement to the police. We affirm.
On the evening and early morning of November 23 and 24th, 1994, Lisa Skaggs and Joy Casey were hiding at Skaggs's apartment. Fearing that Casey's boyfriend would harm them, Skaggs called Hoffman (the appellant in this case) asking for protection until her boyfriend, Marcus Dallaire arrived. After arriving, Hoffman left to pick up Gibbs after which the two men returned to Skaggs's apartment.
Dallaire arrived from work visibly drunk and upset about a fist-fight he had been in earlier that evening. Dallaire was also suspicious that Skaggs was cheating on him with Hoffman. Dallaire began drinking beers very rapidly, "shotgunning" a few. After Casey attempted to calm him down, Dallaire became belligerent and began kicking her. Seeing the physical struggle, Gibbs interceded and began to physically fight with Dallaire. Gibbs gained the advantage and let up. A moment later Dallaire revived himself and again charged Gibbs where they fought a second time. Gibbs once again gained the advantage and ultimately tried to drag Dallaire out of the apartment.
At some point during the melee, Hoffman called the police and drew a gun for protection from Dallaire. Hoffman testified that Dallaire lunged at him in a rage while another witness testified that Dallaire simply got up, caught his balance and stood in one place. After warning Dallaire to sit down, Hoffman shot him from about four feet away, killing him. Appellant was found guilty as charged and sentenced to an 18.3-year prison term.
Appellant contends the trial court erred in denying his motion for judgment of acquittal because the affirmative defense of self-defense was established. A motion for judgment of acquittal must be denied unless there is no legally sufficient evidence on which a trier of fact could base a verdict of guilt. Herman v. State, 472 So.2d 770 (Fla. 5th DCA 1985), rev. den., 482 So.2d 348 (Fla.1986); Brewer v. State, 413 So.2d 1217, n. 1 (Fla. 5th DCA 1982), rev. den., 426 So.2d 25 (Fla.1983). In considering the motion, all facts introduced in evidence are considered admitted and all inferences and conclusions must be drawn in favor of the state. Codie v. State, 313 So.2d 754 (Fla.1975).
"A jury question is presented when the evidence is reasonably susceptible of two views, either that the defendant's action in shooting was justifiable self-defense or that such action evinced a depraved mind without proper regard for the life of the victim." Reimel v. State, 532 So.2d 16, 18 (Fla. 5th DCA 1988); See also, Lynch v. State, 293 So.2d 44 (Fla.1974).
The evidence adduced at trial clearly allows for difference of opinion between reasonable people as to whether the shooting was in self-defense. Appellant testified that he shot Dallaire when Dallaire lunged at him. Other witnesses testified that Dallaire did *965 not lunge at appellant and that they were not in any fear even though they had physically scuffled with Dallaire that night. These witnesses also testified that Dallaire was unarmed and that there was never any substantial physical contact, threat or altercation between Dallaire and the appellant. The record also shows that appellant did not retreat into another room or leave the premises when moments earlier the man Dallaire fought with simply walked out the front door. Since the issue of self-defense was susceptible to different views of the facts and testimony, the motion for judgment of acquittal was properly denied.
Alternatively, appellant argues that, pursuant to section 782.11, Florida Statutes (1994),[1] the motion for judgment of acquittal should have been granted on the murder charge sending only a manslaughter charge to the jury. This argument is based on the assumption that self-defense was established. As previously discussed, the question of whether the shooting was in self-defense is a controverted issue in the testimony.
An unnecessary killing pursuant to section 782.11 is not the same as a killing in self-defense. Furthermore, a defendant charged with murder who claims self-defense is not entitled to an instruction based on section 782.11 because the standard jury instruction on self-defense adequately covers unnecessary killings under claim of self-defense. State v. Carrizales, 356 So.2d 274 (Fla.), cert. den., 361 So.2d 831 (Fla.1978) The question as to which crime was committed (murder or manslaughter) was properly given to the jury with the issue of whether the shooting was in self-defense.
Appellant argues that the lower court erred by not giving the standard self-defense jury instruction. The instruction given was as follows:
JUSTIFIABLE USE OF DEADLY FORCE
An issue in this case is whether the defendant acted in self defense. It is a defense to the offense with which DANIEL ROBERT HOFFMAN is charged if the death of MARCUS DALLAIRE resulted from the justifiable use of force likely to cause death or great bodily harm.
A person is justified in using force likely to cause death or great bodily harm if he reasonably believes that such force is necessary to prevent imminent death or great bodily harm to himself or another.
The appellant argued that the standard instruction should have been given which included the following provision:
3.04 JUSTIFIABLE USE OF DEADLY FORCE
The use of force likely to cause death or great bodily harm is justifiable only if the defendant reasonably believes that the force is necessary to prevent imminent death or great bodily harm to himself while resisting:
1. another's attempt to murder him, or
2. any attempt to commit aggravated assault or aggravated battery upon him, or
3. any attempt to commit aggravated assault or aggravated assault [sic] or aggravated battery in any dwelling house occupied by him.
Trial courts are accorded broad discretion in formulating jury instructions, and appellate courts do not find reversible error unless the error complained of resulted in miscarriage of justice or failure to give instruction was reasonably calculated to confuse or mislead the jury. Goldschmidt v. Holman, 571 So.2d 422 (Fla.1990); Reyka v. Halifax Hosp. Dist., 657 So.2d 967 (Fla. 5th DCA 1995). "The party presenting a jury instruction point as error on appeal must show that the requested instruction accurately states the applicable law, that the facts in the case support giving the instruction, and that the instruction was necessary in order to allow the jury to properly resolve all issues in the case." Id. at 969. (emphasis added).
*966 The facts and evidence in this case do not support giving the portion of the instruction relating to aggravated assault or battery. The victim never committed, or attempted to commit an aggravated assault or battery. The trial court properly ruled that there was insufficient evidence of an attempt to commit an aggravated assault or an aggravated battery and properly omitted that portion of the standard instruction.
Appellant further argues that the trial court erred by omitting the following portion from the instruction given on self defense:
If you find that Marcus Dallaire had a reputation of being a violent and dangerous person and that his reputation was known to the defendant, you may consider this fact in determining whether the actions of the defendant were those of a reasonable person in dealing with an individual of that reputation.
To prove reputation under section 90.405, Florida Statutes (1997) it is necessary to lay the foundation that the witness is aware of the person's reputation in the community. See Stripling v. State, 349 So.2d 187, 192 (Fla. 3d DCA 1977), cert. den., 359 So.2d 1220 (Fla.1978). Evidence of the victim's reputation in the community was never offered. There was evidence of prior violent acts committed by the victim but specific prior acts are not reputation evidence. Since no evidence was offered as to the victim's reputation in the community, the trial court properly denied that portion of the instruction.
Lastly appellant argues that the trial court abused its discretion by not allowing the defendant to introduce into evidence his entire recorded statement given to the police. This argument is without merit for three reasons. First, the state attempted to introduce the entire statement but the defense objected. Second, the trial court and counsel engaged in a lengthy discussion about the recorded tape, where trial judge even suggested that the matter be settled by introducing the statement into evidence but neither counsel agreed with the idea. Third, appellant had the opportunity to introduce the tape during his own case which he also did not do.
Appellant incorrectly asserts that the "rule of completeness" recognized in section 90.108, Florida Statutes (1997) should have allowed him to enter exculpatory portions of the tape that the state did not introduce.[2] In this case, however, no writing or recorded statement was introduced by the state. The state simply asked the deputy to tell the court and jury what appellant said. The rule of completeness is inapplicable when no portion of the taped statement is actually played for the jury. Larzelere v. State, 676 So.2d 394 (Fla.1996), cert. den., ___ U.S. ___, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996). Since appellant sought to exclude or otherwise preclude introduction of the tape, and did not attempt to introduce it himself, we find no abuse of discretion.
AFFIRMED.
PETERSON and THOMPSON, JJ., concur.
NOTES
[1] The 1994 version of section 782.11 provides, "Whoever shall unnecessarily kill another, either while resisting an attempt by such other person to commit a felony, or to do any other unlawful act, or after such attempt shall have failed, shall be deemed guilty of manslaughter..."
[2] Section 90.108 states that "when a writing or recorded statement or part thereof is introduced by a party, an adverse party may require him at that time to introduce any other part or any other writing or recorded statement that in fairness ought to be considered contemporaneously."