821 So.2d 1205 (2002)
M.N., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-1385.
District Court of Appeal of Florida, Fifth District.
July 26, 2002.
James B. Gibson, Public Defender, and Dee Ball, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee and Rebecca Roark Wall, Assistant Attorney General, Daytona Beach, for Appellee.
PALMER, J.
M.N. appeals his delinquency adjudication claiming that the trial court erred in denying his motion for judgment of acquittal on the charge of grand theft.[1] Concluding that sufficient evidence was introduced by the State to avoid entry of a judgment of acquittal, we affirm.
This case arose from the theft of a PIN number and an account number from a phone card, and their use by M.N. in making in excess of $300.00 in unauthorized long distance telephone calls.
M.N. and the victim were classmates. The victim was given a phone card by his mother to use in case of emergency. The phone card was in his wallet and had the PIN number and account number written on it. The victim left his wallet in a desk at school. When the victim's mother received a phone bill which contained charges for multiple phone calls her family had not made she contacted the police. Investigation led to M.N., who admitted that he had made all of the unauthorized calls, but claimed that a friend had given him the phone card to use.
Based upon these facts M.N. was adjudicated guilty of grand theft. M.N. challenges his adjudication, contending that he was entitled to receive a judgment of acquittal because the State failed to establish the value of the calls which he made and the specific intent necessary for theft. We disagree.
In Espiet v. State, 797 So.2d 598, 601 (Fla. 5th DCA 2001), this court discussed the standard of review of a denial of a motion for judgment of acquittal:
The purpose of a motion for judgment of acquittal is to test the legal sufficiency of the evidence presented by the state. *1206 See State v. Rivera, 719 So.2d 335, 337 (Fla. 5th DCA 1998). In moving for a judgment of acquittal, a defendant admits all facts and evidence adduced at trial, and all reasonable inferences that may be drawn from such evidence must be viewed in a light most favorable to the state. Beasley v. State, 774 So.2d 649 (Fla.2000) (quoting Lynch v. State, 293 So.2d 44, 45 (Fla.1974)); Hoffman v. State, 708 So.2d 962 (Fla. 5th DCA 1998).
With regard to the value of the calls, the victim's mother testified that the charges totaled over $300.00. The trial court sustained an objection on hearsay grounds to a question as to the dollar amount of the charges which appeared on the bill, but allowed her to testify, over a hearsay objection, that the amount of the charges exceeded $300.00. That testimony was sufficient to meet the State's burden with regard to the value of the calls.[2] The testimony regarding the value of the calls was part of the evidence presented by the State and must be deemed part of the evidence for purposes of evaluating M.N.'s motion for judgment of acquittal. On that basis, the motion was properly denied.
M.N. also argues that the State failed to prove that he possessed the specific intent to commit the crime of theft. In order to sustain a conviction for grand theft, the State must show that M.N. had the specific intent to commit the theft at the time of, or prior to, the commission of the act of taking. See § 812.014(1), Fla. Stat. (2000); Sewall v. State, 783 So.2d 1171 (Fla. 5th DCA 2001). Since intent to commit theft usually cannot be proven by direct evidence, intent can be inferred from the circumstances surrounding the illegal act. Id. at 1176. A trial court should rarely, if ever, grant a motion for judgment of acquittal based on the State's failure to prove mental intent. Id. Here, the State presented sufficient evidence from which the trial court could conclude that M.N. intentionally used the phone card, which he knew did not belong to him, to make phone calls without the owner's permission.
AFFIRMED.
THOMPSON, C.J., and SHARP, W., J., concur.
NOTES
[1] § 812.014(2)(c)(1), Fla. Stat. (2000).
[2] M.N. has not challenged the propriety of the trial court's ruling on the admission of this testimony, but limits his claim for relief to his request for a judgment of acquittal.