PER CURIAM.
The State presented insufficient evidence to establish a prima facie case for possession of alcohol by a minor under section 562.111, Florida Statutes. See State v. Williams, 742 So.2d 509, 511 (Fla. 1st DCA 1999) (holding to prove possession, the State must show that a defendant possessed a certain substance, the substance was illegal, and he had knowledge of the presence of the substance). Even considering the relatively low burden of proof in alcohol possession cases, on the present record, the State introduced no evidence of the contents of the bottle possessed by appellant, nor did appellant admit or stipulate to the contents of the container. Cf. J.B. v. State, 705 So.2d 1376, 1379 (Fla.1998) (holding juvenile’s admission that he possessed beer is sufficient to make a prima facie showing that the substance was alcoholic in nature); A.A. v. State, 461 So.2d 165, 166 (Fla. 3d DCA 1984) (holding that even an officer’s testimony concerning appearance and smell of illegal contraband based on experience is sufficient to prove the contraband is illegal). Accordingly, we REVERSE the judgment and sentence entered on the charge of possession of alcohol by a minor.
KAHN, BENTON, and LEWIS, JJ., concur.