SAWAYA, C.J.
A.P.R., a juvenile, appeals the adjudication and disposition orders rendered by the trial court after it found him guilty of his third petit theft, revoked his probation, and sentenced him for the new offense and the two underlying offenses for which he was on probation. Because A.P.R. admitted that he was truant from school, which properly formed part of the basis for the revocation of his probation, the order revoking probation and the sentence for the offenses for which he was on probation must be affirmed. Therefore, the issue we must resolve is whether the trial court erred in denying A.P.R.’s motion for judgment of dismissal of the new petit theft charge[1] because the evidence was insufficient to support the finding of guilt.
Abiding the standard of review we must apply to determine whether the motion to dismiss was properly denied, we will present the evidence in the light most favorable to the State. The focal point of the State’s case against A.P.R. was the testimony of two witnesses: the store manager of the Dollar Tree store where the offense *284 allegedly occurred and the officer who arrested A.P.R. The store manager, who did not observe the alleged theft take place, was alerted by a customer that a theft had occurred. The manager initiated pursuit of A.P.R. outside the store, but because A.P.R. was riding a bicycle to make his getaway, the store manager ended the chase and called 911 to summon the police. The customer who alerted the manager found certain items outside the store that were supposedly stolen by A.P.R. The customer did not testify and the manager did not see the items until after they were recovered by the police.
The officer testified that as he was responding to the call, he observed A.P.R. riding towards him on a bicycle carrying two plastic bags. When A.P.R. spotted the officer, A.P.R. turned around and began peddling in the opposite direction. The officer ordered A.P.R. to stop, and he complied. The officer testified that he searched the two bags, but did not recall the markings on the bags and did not know whether any of the items were from the Dollar Tree store. The manager was brought to the scene of the arrest and observed merchandise that he stated was from his store because those were items that were sold in the store. The manager could not say whether A.P.R. purchased any of the items or whether A.P.R. left the store without paying for them.
After the State presented this evidence to the trial court and rested, A.P.R. made his motion for dismissal, arguing that the State had failed to make a prima facie case of guilt for the charge of petit theft. The trial court denied the motion, and the case proceeded to conclusion.
After noting the absence of “one very important factor,” that being the testimony of the customer who observed and reported the theft, the trial court nevertheless concluded that the State had met its burden of proving the petit theft charge beyond a reasonable doubt. After finding A.P.R. guilty of the new petit theft offense, the trial court committed him to the Department of Juvenile Justice until his nineteenth birthday or a maximum of five years. For the offenses underlying A.P.R.’s probation, the trial court adjudicated him delinquent and imposed sixty days concurrent for the prior petit theft offense and a level four commitment until his nineteenth birthday on the grand theft offense. The latter sentence was ordered to be concurrent to the disposition of the new petit theft offense involving Dollar Tree.
In order to explain why A.P.R.’s motion for judgment of dismissal should have been granted, we must first discuss the standard of review, previously alluded to, that is applicable to our analysis. The standard of review that applies to a motion for judgment of dismissal in a juvenile case is the same standard that applies to a motion for judgment of acquittal in a criminal case.[2] See J.P. v. State, 855 So.2d 1262, 1264 n. 1 (Fla. 4th DCA 2008) (“Though referred to as a judgment of acquittal, under the Rules of Juvenile Procedure, the proper title of the motion should have been a Motion for Judgment of Dismissal. Notwithstanding, this court uses the same standard on review as for a judgment of acquittal”) (citations omitted); E.A.B. v. State, 851 So.2d 308 (Fla. 2d DCA 2003); W.E.P., Jr. v. State, 790 So.2d *285 1166 (Fla. 4th DCA 2001); see also J.L.F. v. State, 887 So.2d 432 (Fla. 5th DCA 2004); M.N. v. State, 821 So.2d 1205 (Fla. 5th DCA 2002) (applying standard of review for motions for judgment of acquittal in a juvenile ease).
The purpose of a motion for judgment of dismissal is to test the legal sufficiency of the evidence presented by the state. See Espiet v. State, 797 So.2d 598, 601 (Fla. 5th DCA 2001); State v. Rivera, 719 So.2d 335, 337 (Fla. 5th DCA 1998). The denial of a motion for judgment of dismissal is reviewed by this court de novo. Pagan v. State, 830 So.2d 792 (Fla.2002), cert. denied, 539 U.S. 919, 123 S.Ct. 2278, 156 L.Ed.2d 137 (2003); J.L.F. In moving for a judgment of dismissal, the movant “ ‘admits not only the facts stated in the evidence adduced, but also admits every conclusion favorable to the adverse party that a jury might fairly and reasonably infer from the evidence.’ ” Beasley v. State, 774 So.2d 649, 657 (Fla.2000) (quoting Lynch v. State, 293 So.2d 44, 45 (Fla.1974)). “[A]ll reasonable inferences that may be drawn from such evidence must be viewed in a light most favorable to the state.” Espiet, 797 So.2d at 601 (citing Beasley; Hoffman v. State, 708 So.2d 962 (Fla. 5th DCA 1998)). When viewed in that light, if a rational trier of fact could find that the elements of the offense have been proven beyond a reasonable doubt, the evidence is sufficient to sustain the conviction and the motion should be denied. Pagan. Application of this standard leads us to the inevitable conclusion that the trial court erred in denying the motion for judgment of dismissal.
In order to prove that A.P.R. committed the crime of petit theft under section 812.014, the State was required to establish that A.P.R. knowingly obtained or used, or endeavored to obtain or use, the property of Dollar Tree with the intent to temporarily or permanently deprive Dollar Tree of the property. The customer who allegedly witnessed the theft did not testify and the officer had little of substance to present to the jury to prove this crime was committed other than the fact that he stopped A.P.R. and found him in possession of two bags of items, one of which was a Dollar Tree bag. The manager first encountered A.P.R. when he was outside the store and peddling away on his bicycle. The manager testified that when he was taken to the scene of the arrest, he viewed items that were in the bags, one of which was not a Dollar Tree bag, and that the items were merchandise sold in Dollar Tree stores. He did not know which items came from which bag and, although there were no identifying marks on any of the items identifying them as coming from a Dollar Tree store, he thought the items came from the store because the store sells that merchandise. However, he did not see the items being taken from the store and he could not testify that those specific items were actually removed from his store by A.P.R. Equally important, he did not know whether A.P.R. paid for the items before he left. Taking this evidence as true and drawing all reasonable inferences in favor of the State, we conclude that no rational trier of fact could find that the State proved beyond all reasonable doubt that A.P.R. knowingly obtained or endeavored to obtain the property of Dollar Tree with the intent to either temporarily or permanently deprive Dollar Tree of its property. Accordingly, the evidence is insufficient to sustain the conviction and the motion for judgment of dismissal should have been granted.
The State attempts to salvage its adjudication by contending that the argument presented by A.P.R. was not preserved for review by this court. The premise of this argument is the State’s assertion that the *286 specific argument presented to us by A.P.R. was not first presented to the trial court. However, if we accept the premise, the result sought by the State may not necessarily follow if the error we seek to correct is fundamental. Hence, a two-part analysis may be necessary to determine whether we may review the issue raised in the instant proceedings: first, we must analyze the argument below to determine whether it is the same argument presented to us; and second, if it is not, we must determine whether the error sought to be corrected is fundamental.
As to the first part of the analysis, there are no magical words that a defendant must divine in order to make an argument in the trial court that is deemed sufficiently preserved for review. See Williams v. State, 414 So.2d 509 (Fla.1982). All that is necessary is that the objection or argument made in the trial court be “specific enough ‘to apprise the trial judge of the putative error and to preserve the issue for intelligent review on appeal.’ ” Id. at 511 (quoting Castor v. State, 365 So.2d 701, 703 (Fla.1978)). The second part of the analysis requires application of the fundamental error rule which, in this instance, is an exception to the well-settled preservation of error rule, which requires that claims of insufficiency of evidence be preserved by first raising the specific argument in the trial court. F.B. v. State, 852 So.2d 226 (Fla.2003). The two discrete exceptions that make up the fundamental error rule apply in death cases and in other cases where the evidence is so deficient as a matter of law that the appellate court concludes that no crime was committed at all. Id. at 230. Regarding the latter exception, such a failure of proof reaches the foundation of the case and is equal to a denial of due process. Id. at 230-31. If the error is fundamental, it projects past the bounds of the general preservation of error rule that constrains appellate review in cases where the evidence is merely insufficient to prove an element of the crime charged. Id.
We have reviewed the argument A.P.R. made in the trial court regarding his motion for judgment of dismissal and we believe that it is essentially the same argument he makes here. The argument was sufficiently specific to inform the trial court of the error, give it an opportunity to correct the error, and give this court the opportunity to intelligently, review the issue raised in the motion for judgment of dismissal. Because the issue was properly preserved, we need not engage in the second part of the analysis to determine whether the error we seek to correct is fundamental. Hence, our review in the instant case was appropriate.
We conclude that the evidence presented by the State was insufficient to prove the charge of petit theft against A.P.R. Therefore, the trial court erred in failing to grant his motion for judgment of dismissal. Accordingly, we reverse the adjudication of delinquency for that offense. As previously indicated, we affirm the order revoking A.P.R.’s probation and the disposition order rendered pursuant thereto.
AFFIRMED in part, REVERSED in part.
SHARP, W. and MONACO, JJ., concur.

. The new petit theft charge was brought against A.P.R. pursuant to section 812.014, Florida Statutes (2002).

. Although the Florida Rules of Juvenile Procedure do not provide for a motion for judgment of acquittal, rule 8.110(k) does permit a juvenile to move for a judgment of dismissal at the close of the state's case in chief if the evidence is not sufficient to establish a prima facie case of guilt. Fla. R. Juv. P. 8.110(k); see also E.A.B. v. State, 851 So.2d 308, 309 (Fla. 2d DCA 2003); R.M. v. State, 763 So.2d 1060, 1061 (Fla. 4th DCA 1999).