915 So.2d 633 (2005)
R.R.W., Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-5367.
District Court of Appeal of Florida, Second District.
September 30, 2005.
James Marion Moorman, Public Defender, and A. Anne Owens, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Dale E. Tarpley, Assistant Attorney General, Tampa, for Appellee.
CASANUEVA, Judge.
R.R.W. appeals from an order placing him on probation but withholding adjudication for delinquent acts of criminal mischief and trespass. We affirm the disposition as to trespass but reverse as to criminal mischief because the circumstantial evidence against R.R.W. was legally insufficient to sustain the charge.
In an amended petition for delinquency, the State charged R.R.W. with a violation of section 806.13, Florida Statutes (2003), for causing damage greater than $200 to a vehicle belonging to A.C.E. Distributors. Robert Johnson, the owner of A.C.E., testified *634 at trial that two "classic" Volkswagens, one yellow and one blue and both more than twenty-five years old, were stored along with some other automobiles in a double-enclosed compound surrounded by a six-foot fence topped with barbed wire. Robert Johnson first noticed the damage to the two Volkswagens on June 4, 2004. In particular, the roof and hood of both cars, as well as the headlights of the yellow Volkswagen, had been damaged. Robert Johnson estimated the cost to repair the blue Volkswagen's roof at $300. The vehicle, which had been purchased in 1994 at a cost of $1000, had been stored in the compound since the day of acquisition. Unfortunately, he did not know who had caused the damage nor when it had occurred. However, he did complain that his property had been sustaining ongoing damage during the preceding three years, most of which he attributed to his neighbors, the Summerall family. He did not know R.R.W.
Paul Johnson, a longtime neighbor who is not related to Robert Johnson and whose backyard parallels A.C.E.'s, also testified in court. The Summeralls live between the properties owned by the two Johnsons. On June 4, 2004, Paul Johnson told a deputy called to the scene that he had seen one of the Summerall boys inside the A.C.E. backyard. Although he had not seen R.R.W. on A.C.E.'s property on that date, he told the deputy that he had observed both boys playing inside the fenced property. At trial, he clarified that this incident had occurred earlier that year; he was "almost sure it was in January." At that time he saw both boys playing on the two cars, and he thought that R.R.W. was on top of the blue Volkswagen. However, he was not close enough to the Volkswagens to observe whether they had been damaged.
A deputy sheriff who had responded to the complaint on June 4, 2004, testified that she observed that the roof of one Volkswagen was dented but she could not recall the color of the car. The dent was consistent with the kind of damage one might expect if someone had stood on the vehicle's roof. She further testified that her report did not reflect that the complaining witness had given her a specific time when R.R.W. had allegedly damaged the car.
Following the denial of his motion for judgment of dismissal on the ground that the State had failed to prove a prima facie case, R.R.W. testified that he had never been on the A.C.E. property, had never gone through the fence, and had never stood on top of the Volkswagen. The trial court found that R.R.W. had committed both offenses, withheld adjudication of guilt, and placed R.R.W. on consecutive one-year terms of probation.
The court erred because the evidence presented failed to establish that R.R.W. caused the damage to the blue Volkswagen. To commit the crime of criminal mischief a person must willfully and maliciously damage, by any means, the personal property of another. When the amount of damage exceeds $200 but is less than $1000, the crime is classified as a first-degree misdemeanor. § 806.13(1)(a), (b).
"Where the evidence is entirely circumstantial, no matter how strongly it might suggest guilt, unless the evidence is inconsistent with any reasonable hypothesis of innocence, a conviction may not be upheld." E.T.R. v. State, 873 So.2d 571, 572 (Fla. 2d DCA 2004) (citing Davis v. State, 761 So.2d 1154, 1157-58 (Fla. 2d DCA 2000)). We review the trial court's denial of the motion for dismissal under the de novo standard. See Pagan v. State, 830 So.2d 792, 803 (Fla.2002), cert. denied, *635 539 U.S. 919, 123 S.Ct. 2278, 156 L.Ed.2d 137 (2003); E.A.B. v. State, 851 So.2d 308, 310 (Fla. 2d DCA 2003). The evidence must be viewed in the light most favorable to the State. Where the State fails to present sufficient evidence to establish a prima facie case of the charged crime, a judgment of dismissal is required. See Fla. R. Juv. P. 8.110(k); A.P.R. v. State, 894 So.2d 282, 286 (Fla. 5th DCA 2005).
An essential element of the crime of criminal mischief is the defendant's willful and malicious causation of damage to the property of another. Here, Robert Johnson testified that prior to June 4, 2004, he had not observed any damage to the blue Volkswagen's roof nor had he seen anyone doing anything that would harm the vehicle. Additionally, Paul Johnson, who testified that he saw R.R.W. on the roof of the blue Volkswagen, did not testify that this act caused the damage to the roof or that the roof was undamaged before that unspecified date in January. The testimony also establishes that the vehicle had been in the same location since 1994 and that Robert Johnson had complained about damage to property on that site over the years. This evidence, viewed in the light most favorable to the State, fails to exclude the reasonable possibility that the vehicle had been damaged at another time by another perpetrator or that R.R.W. did not cause any damage when he stood on the blue Volkswagen.
We conclude that the evidence presented on the charge of criminal mischief was insufficient and that it was error to fail to grant R.R.W.'s motion for judgment of dismissal. Accordingly, we reverse the disposition order for that offense. Because the juvenile was placed on consecutive terms of one-year's probation for each offense, we also remand for the court to strike that charge from the probation order. In all other aspects, we affirm.
Affirmed in part, reversed in part, and remanded.
ALTENBERND and KELLY, JJ., Concur.