SALCINES, Judge.
R.J.K. appeals a disposition order adjudicating him delinquent based on a finding that he committed burglary of a dwelling and grand theft. Because the evidence was insufficient to prove that R.J.K. committed either offense, we reverse the disposition order.
The State filed a petition for delinquency alleging that R.J.K. committed second-degree felony burglary of a dwelling and third-degree felony grand theft. The matter proceeded to an adjudicatory héaring at which only one witness testified — the victim of the burglary and theft.
The victim, Marlon Hodge, is R.J.K.’s uncle. He testified that he was at his home during the morning of March 5, 2004, when “some gujrs” he did not know knocked on the door and asked for someone named “Kiki.” Mr. Hodge-told them that no one by that name lived there. Afterward, Mr. Hodge watched as “this gentleman” got in a green and black Jeep Cherokee.
Mr. Hodge then left his home for forty-five minutes to have lunch. When he returned, his front door was knocked in and the lock was removed. He walked into his bedroom and noticed that things were in disarray. He then walked to a second bedroom, where he kept money hidden under a pile of clothes, and discovered that his money was gone. He testified that he had $8000 in cash and $700 in change. He also testified that the burglar took a PlayStation 2, several games, and a hat. He testified that he had paid $150 for the PlayStation 2 a year earlier, and it was in good condition. Mr. Hodge did not see the burglar or burglars who entered his home.
Mr. Hodge testified that he reported the burglary and the “police” responded. However, no law enforcement officer testified at the adjudicatory hearing, and no evidence was introduced concerning the content of the incident report or the details of any investigation conducted by law enforcement. '
Mr. Hodge testified that he was suspicious ofihis nephew, R.J.K., so he located R.J.K. later that evening and confronted him. At that time, R.J.K. was sitting on a porch with a girl. Mr. Hodge “snatched him up,” put him in his car, and took him to another location- — R.J.K.’s aunt’s house. Mr. Hodge testified that he was upset during this confrontation and asked R.J.K., “how could he come to my house with these guys and break in.” In response, R.J.K. said that he told “these guys,” “oh, I’m going to go to my uncle’s house and get some money that he keeps in a jar.”
Mr. Hodge testified that R.J.K. then telephoned someone named “Bird.” According to Mr. Hodge, R.J.K. instructed Bird to “bring my uncle his money.” Rather than waiting, Mr. Hodge told R.J.K. to take him directly to Bird, and R.J.K. proceeded to do so.
When they arrived at their destination, R.J.K. got out of Mr. Hodge’s car and walked ' to a vehicle parked nearby — an Altima. R.J.K. jumped in the Altima, in which there were other boys, and the vehicle drove away. Mr. Hodge was unable to catch up to the Altima, but the Altima “double-backed” on him and went to R.J.K’s aunt’s house. Mr. Hodge also went to R.J.K.’s aunt’s house. When Mr. *502 Hodge arrived, R.J.K’s aunt handed him $500.
Mr. Hodge testified that he did not give R.J.K. permission to enter his home at any time or to take any of his property or money. However, no testimony was elicited from Mr. Hodge to establish whether R.J.K. had ever entered Mr. Hodge’s home.
No other witnesses testified, and no physical evidence was introduced. Defense counsel moved for a judgment of dismissal in regard to both counts at the end of the State’s case and renewed the motion at the close of all the evidence. The defense argued with specificity a number of grounds in support of the motion explaining how the State had failed to sufficiently establish each element of each offense. The State responded that R.J.K. admitted that he “went” to Mr. Hodge’s home to get some money. R.J.K.’s motion was denied.
The purpose of a motion for judgment of dismissal in a juvenile case is to test the legal sufficiency of the evidence presented by the state. A.P.R. v. State, 894 So.2d 282 (Fla. 5th DCA 2005). In considering such a motion, all reasonable inferences that may be drawn from the evidence must be viewed in a light most favorable to the state; when viewed in that light, if a rational trier of fact could find that the elements of the offense have been proven beyond a reasonable doubt, the evidence is sufficient to sustain the conviction and the motion should be denied. Id. at 285. The denial of a motion for judgment of dismissal is reviewed by this court de novo. Id. (citing Pagan v. State, 830 So.2d 792 (Fla.2002)).
Application of the foregoing standard leads us to the conclusion that the trial court erred in denying the motion for judgment of dismissal.
A conviction for the crime of burglary of a dwelling requires proof of: (1) knowing entry into a dwelling, (2) knowledge that such entry is without permission, and (3) criminal intent to commit an offense within the dwelling. See § 810.02(1)(b), Fla. Stat. (2003); D.R. v. State, 734 So.2d 455 (Fla. 1st DCA 1999). Additionally, ownership of the building or structure is a material element of the crime of burglary. D.S.S. v. State, 850 So.2d 459 (Fla.2003). However, the sufficiency of the State’s proof regarding Mr. Hodge’s superior possessory right to the burglarized dwelling was uncontested.
The evidence failed to establish a knowing entry by R.J.K. into Mr. Hodge’s dwelling. Indeed, as the defense argued when moving for dismissal, no testimony was offered or physical evidence introduced to demonstrate that R.J.K. had entered Mr. Hodge’s home during the brief period of time in which the burglary and theft occurred. The only individuals Mr. Hodge saw in the proximity of his home close to the time of the burglary were people he did not know.
Contrary to the State’s characterization of the testimony at the hearing and on appeal, Mr. Hodge’s recitation of R.J.K’s statement to him — “I’m going to go to my uncle’s house and get some money that he keeps in a jar” — was not an admission, by R.J.K., that he actually went to his uncle’s home. With regard to R.J.K’s phone call to Bird, while it might have tended to demonstrate that R.J.K. had knowledge about who burglarized the home and stole the money, it was similarly insufficient to establish that R.J.K. was the person who burglarized Mr. Hodge’s home. The essential elements of the crime were not proven beyond a reasonable doubt, and the charge against R.J.K. for burglary of a dwelling should have been dismissed.
*503 Likewise, the evidence failed to establish that R.J.K. knowingly obtained, used, or endeavored to obtain Mr. Hodge’s property with the intent to either temporarily or permanently deprive Mr. Hodge of its use as alleged in the petition. See § 812.014(1), (2)(c)(l), Fla. Stat. (2003). The foregoing allegations, as well as the value of the stolen property, see D.H. v. State, 864 So.2d 588 (Fla. 2d DCA 2004), had to be established in order to demonstrate that R.J.K. committed third-degree felony grand theft of property. There was no evidence that R.J.K. was in possession of any of his uncle’s money or property or that he had endeavored to obtain that property. The essential elements of the crime were not proven beyond a reasonable doubt, and the charge against R.J.K. for grand theft should have been dismissed.
Finally, on appeal the State argues that this case should be affirmed because R.J.K’s guilt as a principal was established. This argument also fails. In order to be a principal in a crime, one must have a conscious intent that the crime be done and must do some act or say some word which was intended to and does incite, cause, encourage, assist, or advise another person to actually commit the crime. L.J.S. v. State, 909 So.2d 951 (Fla. 2d DCA 2005). The evidence shows only that R.J.K. might have known or discovered who committed the burglary and tried to get his uncle’s money back. Indeed, R.J.K. might have learned of the crime after it had ' occurred. R.J.K.’s statement to other individuals that he was going to go to his “uncle’s house and get some money that he keeps in a jar,” could have tipped off potential burglars that money was kept in Mr. Hodge’s home. However, that statement was insufficient to prove that R.J.K. had the conscious intent required to be found guilty as a principal to either offense. Accordingly, we reverse this one witness case with directions to vacate the adjudication and to discharge R.J.K. from the probation imposed in regard to these offenses.
Reversed and remanded with directions.
KELLY and LaROSE, JJ., Concur.