944 So.2d 518 (2006)
J.J., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-1135.
District Court of Appeal of Florida, Fourth District.
December 20, 2006.
Carey Haughwout, Public Defender, and John Pauly, Jr., Assistant Public Defender, West Palm Beach, for appellant.
*519 Charles J. Crist, Jr., Attorney General, Tallahassee, and Myra J. Fried, Assistant Attorney General, West Palm Beach, for appellee.
HAZOURI, J.
J.J., a child, appeals his adjudication of delinquency for disrupting the lawful administration or functions of an educational institution. We affirm.
The state filed a petition for delinquency, alleging that J.J. violated section 877.13, Florida Statutes (2005),[1] by disrupting the lawful administration or functions of an educational institution. "The statute seeks to prohibit acts which are `specifically and intentionally designed to stop or temporarily impede the progress of any normal school function or activity occurring on the school's property.'" T.H. v. State, 797 So.2d 1291, 1292 (Fla. 4th DCA 2001) (quoting M.C. v. State, 695 So.2d 477, 483 (Fla. 3d DCA 1997)). Moreover, "`[i]ts intended purpose is to prevent only that expression or conduct which materially disrupts or interferes with normal school functions or activities.'" T.T. v. State, 865 So.2d 674, 676 (Fla. 4th DCA 2004) (quoting M.C., 695 So.2d at 481).
J.J. argues that the trial court erred by denying his motion for judgment of dismissal because the state failed to prove two elements of the offense of disruption of an educational institution: that he intended to disrupt a school function or activity and that his expressions or actions materially disrupted such function or activity.
"`The standard of review that applies to a motion for judgment of dismissal in a juvenile case is the same standard that applies to a motion for judgment of acquittal in a criminal case.'" G.G. v. State, 903 So.2d 1031, 1032-33 (Fla. 4th DCA 2005) (quoting A.P.R. v. State, 894 So.2d 282, 284 (Fla. 5th DCA 2005)). The standard is de novo because the motion tests the legal sufficiency of the state's evidence. Id. at 1033. In A.A.R. v. State, 926 So.2d 463 (Fla. 4th DCA 2006), this court recognized:
In moving for a judgment of dismissal, the movant "`admits not only the facts stated in the evidence adduced, but also admits every conclusion favorable to the adverse party that a jury might fairly and reasonably infer from the evidence.'" Beasley v. State, 774 So.2d 649, 657 (Fla.2000) (quoting Lynch v. State, 293 So.2d 44, 45 (Fla.1974)). "[A]ll reasonable inferences that may be drawn from such evidence must be viewed in a light most favorable to the state." Espiet [v. State], 797 So.2d [598] at 601 [(Fla. 5th DCA 2001)] (citing Beasley; Hoffman v. State, 708 So.2d 962 (Fla. 5th DCA 1998)).
A.A.R., 926 So.2d at 465 (citing A.P.R., 894 So.2d at 285).
All reasonable inferences that may be drawn from the evidence in this case viewed in a light most favorable to the state reflect that J.J. was being very disruptive in the school cafeteria during regularly-scheduled breakfast hours and attempted to incite two female students to engage in an altercation in the cafeteria. A school employee, whose duties at the *520 time were to monitor the cafeteria and to maintain order, attempted to get J.J. to discontinue the incitement but to no avail. As a result, the employee had to call upon the school dean and the school's resource officer to assist in controlling J.J.'s behavior which had become increasingly disruptive to the cafeteria activities. The school dean and the resource officer had to forcibly escort J.J. from the cafeteria.
In support of his motion for judgment of dismissal, J.J. relies on A.M.P. v. State, 927 So.2d 97 (Fla. 5th DCA 2006). In A.M.P., the juvenile defendant got into a fight with another student in the bathroom at their high school. The assistant principal at the school broke up the fight, and the defendant intentionally bumped the assistant principal with her shoulder. Id. at 98-99. The court noted:
When asked how much of her day was used to deal with the situation, the assistant principal responded:
Probably a couple of hours in getting students' statements, contacting parents. But it wasn't a disruption to the regular school day in that students were in class and going to their classes as they should have been. As far as my time, it was a couple of hours. But it wasn't a classroom disruption to the rest of the school.
Id. at 99. The defendant moved for a judgment of acquittal on the charge of disruption of an educational institution,[2] which the trial court denied. The Fifth District vacated the conviction for this offense, finding that the state offered no evidence of any intent to disrupt, or that the function of the institution was disrupted. Id. at 99-100.
J.J. reasons that because the court in A.M.P. vacated the conviction, despite the fact that the assistant principal devoted a couple of hours to the fight, this court should reach the same result in this case. However, A.M.P. is distinguishable from the instant case. In A.M.P., there was no evidence that the defendant intended to disrupt the school. Further, the defendant's disruption was confined to the bathroom, and one other student who was also involved in the fight. The assistant principal in A.M.P. testified specifically that there was no class disruption to the rest of the school.
Here, there was evidence that J.J. both intended to disrupt school activities, and succeeded in doing so. The school employee charged with monitoring the cafeteria testified that she asked J.J. to calm down and stop at least four or five times, which he did not do. She believed J.J. was inciting the two girls to fight, and he wanted to see them fight again like they did on the bus the day before. As a result of J.J.'s behavior, the students in the cafeteria got louder and started to crowd around the girls' table. She further testified that the incident interfered with the serving of breakfast and her normal duties in the cafeteria.
Viewed in a light most favorable to the state, the evidence in this case was sufficient for the trial court to conclude that J.J. intended to disrupt or interfere with a school activity and succeeded in doing so.
Affirmed.
SHAHOOD and GROSS, JJ., concur.
NOTES
[1] Section 877.13, Florida Statutes (2005), provides in relevant part:

(1) It is unlawful for any person:
(a) Knowingly to disrupt or interfere with the lawful administration or functions of any educational institution, school board, or activity on school board property in this state.
(b) Knowingly to advise, counsel, or instruct any school pupil or school employee to disrupt any school or school board function, activity on school board property, or classroom.
§ 877.13, Fla. Stat. (2005).
[2] This should have been termed a motion for judgment of dismissal because this was a juvenile case.