951 So.2d 100 (2007)
B.J., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-669.
District Court of Appeal of Florida, Fourth District.
March 14, 2007.
*101 Carey Haughwout, Public Defender, and John Pauly, Jr., Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Laura Fisher Zibura, Assistant Attorney General, West Palm Beach, for appellee.
GROSS, J.
B.J. appeals his adjudication of delinquency[1] for loitering and prowling in violation of section 856.021, Florida Statutes (2005), on the grounds that the trial court erred in denying his motion for judgment of dismissal. We affirm, because the evidence was sufficient to support the conviction.
An adjudicatory hearing revealed that at about 1:30 a.m. on September 25, 2005, Officer Terry Wujcik of the Pembroke Pines Police Department responded to a burglary call at a business located in a predominantly commercial area. The business was closed, yet Officer Wujcik saw two vehicles in the parking lot, a Ford F-150 pick-up truck and a smaller four-door car. The doors to the car were ajar. Inside the car, the officer observed two females lying down trying to hide from him.
After Officer Wujcik removed the two females from the car, another officer, Javier Diaz, arrived at the scene. The two females told Officer Diaz that the other people with them "ran that way, went over the fence." Officer Wujcik then went to investigate the warehouse that was the subject of the burglary call. Officer Wujcik noticed a hole five-feet high and three-feet wide in a fence surrounding the business. There had been no hole in the fence when the officer patrolled the area earlier in the evening. Officer Wujcik also saw that a padlock had been ripped off the steel doors at the main entrance to the warehouse. The padlock rested on the ground near the door. The doors had been pried open and metal stripping running down the center of the doors was partially ripped. Electric panels near the steel entry doors had been removed and tampered with. A used latex glove was on the ground near the doors. Based on *102 these observations, the officers were concerned for the safety of people and property in the area.
A K-9 officer arrived on the scene with his dog, which began a "track or search" of the area looking for people. The dog alerted to the F-150. The K-9 officer noticed a person's head in the truck bed, which led to the discovery of four individuals in the back of the truck, whom the officer ordered to get out. Appellant B.J. was one of these persons. The officer also found unused latex gloves in the truck.
Officer Wujcik gave the juveniles, including B.J., the opportunity to dispel his suspicions. B.J. said nothing. The other persons involved gave a variety of inconsistent and unconvincing stories.
While the officers continued to investigate, Isaac Chocron, the warehouse owner, arrived at the scene. Chocron observed that since he had closed and left the business, the structure had been damaged and several items stolen. The door was bent, the door's lock was cut, the fence surrounding the business was cut open, the light above the main entry door was broken, the door to the electrical panel was open, and the electrical meter was missing. Chocron did not work with latex gloves and had not given anyone permission to enter the fenced-in area surrounding his store.
At the close of the evidence, B.J. moved for dismissal. The trial court denied the motion and ultimately adjudicated B.J. delinquent on the loitering and prowling charge.
The same standard of review applies to both a motion for judgment of dismissal in a juvenile case and a motion for judgment of acquittal in a criminal case. See G.G. v. State, 903 So.2d 1031, 1032-33 (Fla. 4th DCA 2005) (quoting A.P.R. v. State, 894 So.2d 282, 284 (Fla. 5th DCA 2005)). The standard is de novo because the motion tests the legal sufficiency of the state's evidence. Id. at 1033. In A.A.R. v. State, 926 So.2d 463, 465 (Fla. 4th DCA 2006), this court recognized that:
[i]n moving for a judgment of dismissal, the movant "`admits not only the facts stated in the evidence adduced, but also admits every conclusion favorable to the adverse party that a jury might fairly and reasonably infer from the evidence.'" Beasley v. State, 774 So.2d 649, 657 (Fla.2000) (quoting Lynch v. State, 293 So.2d 44, 45 (Fla.1974)). "[A]ll reasonable inferences that may be drawn from such evidence must be viewed in a light most favorable to the state." Espiet [v. State], 797 So.2d [598] at 601 [(Fla. 5th DCA 2001)] (citing Beasley; Hoffman v. State, 708 So.2d 962 (Fla. 5th DCA 1998)).
A.A.R., 926 So.2d at 465 (citing A.P.R., 894 So.2d at 285).
There are two elements to a loitering and prowling charge: (1) that the defendant loitered or prowled "in a place, at a time, or in a manner not usual for law-abiding individuals" and (2) such loitering took place under "circumstances that warrant a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity." § 856.021(1), Fla. Stat. (2005). "`Proof of both elements is essential in order to establish a violation of the statute.' State v. Ecker, 311 So.2d 104, 107 (Fla.), cert. denied, 423 U.S. 1019, 96 S.Ct. 455, 46 L.Ed.2d 391 (1975), and each element must be proved beyond a reasonable doubt." Further, alarm is presumed under the statute if the defendant flees, conceals himself or any object, or refuses to identify himself when law enforcement appears. See C.H.S. v. State, 795 So.2d 1087, 1090 (Fla. 2d DCA 2001).
With regard to the first element, the state must prove that the defendant *103 loitered and prowled, which means that he "engaged in incipient criminal behavior which law abiding people do not usually engage in" given "the time, place, or manner of the conduct involved." E.C. v. State, 724 So.2d 1243, 1244 (Fla. 4th DCA 1999). The gist of the first element "is aberrant and suspicious criminal conduct which comes close to, but falls short of, actual commission or attempted commission of a substantive crime." D.A. v. State, 471 So.2d 147, 151 (Fla. 3d DCA 1985). Here, this element was proven because appellant was hiding at 1:30 a.m. in the back of a pick-up truck near a closed business that was the subject of a burglary call. Compare G.G. v. State, 903 So.2d 1031, 1033 (Fla. 4th DCA 2005) (holding "loitering and prowling" element of statute was satisfied where "defendant was seen behind shops of a closed plaza at 3:45 in the morning").
The second element of the crime of loitering and prowling "requires the arresting officer to articulate specific facts which, when `taken together with rational inferences from those facts, reasonably warrant a finding that a breach of the peace is imminent or the public safety is threatened.'" G.G., 903 So.2d at 1031 (quoting Von Goff v. State, 687 So.2d 926, 928) (quoting Ecker, 311 So.2d at 109). Here appellant was hiding under circumstances suggesting that the police interrupted a burglary in progress. The potential threat to public safety was appellant's joining a crime in progress or participating in the aftermath by assisting the escape or disposing of property stolen in the burglary.
Affirmed.
WARNER and TAYLOR, JJ., concur.
NOTES
[1] For a sentence, J.D. was ordered to write an essay on "Goals in Life and How I Intend to Achieve Them" and "The Importance of Being Aware of Your Surroundings and Protecting Your Future."