LAGOA, Judge.
P.N., a juvenile, appeals his adjudication of delinquency based upon consumption or possession of an alcoholic beverage on a public or semi-private area in violation of Monroe County ordinance 2.1 — 5(b). Because we find that the State failed to present evidence to find P.N. delinquent of consumption or possession of alcohol, we reverse.
I. FACTUAL AND PROCEDURAL HISTORY
While on a patrol boat in an area known as Marvin Key, Officer Shuster, through a pair of binoculars, saw P.N. on the beach holding a Budweiser beer bottle. Upon noticing Officer Shuster, P.N. slid the bottle under his leg. Officer Shuster proceeded to move his patrol boat closer to the shore where P.N. was seated and ordered him to board the boat. While P.N. initially ignored Officer Shuster’s order, he eventually complied, but failed to bring the beer bottle with him as he boarded the patrol boat. Instead, one of P.N.’s peers retrieved the beer bottle for the officer. Officer Shuster testified that the bottle was full of sand and salt water upon his receipt, and he discarded the beer bottle at the end of his shift. At no time did P.N. admit that the beer bottle contained alcohol while in his possession.
The State charged P.N. with possession of alcohol by a minor. At the end of the State’s case, the defense moved for a judgment of dismissal on the ground that the State failed to present any evidence that the beer bottle contained alcohol. The trial court denied the motion and this appeal ensued.
II. STANDARD OF REVIEW
“The standard of review that applies to a motion for judgment of dismissal in a juvenile case is the same standard that applies to a motion for judgment of acquittal in a criminal case.” A.P.R. v. State, 894 So.2d 282, 284 (Fla. 5th DCA 2005).[1] As such, in reviewing a trial court’s denial of a motion for judgment of dismissal, a de novo standard of review applies. Id. at 285. While the evidence must be viewed in the light most favorable to the State, if the State fails to present sufficient evidence to establish a prima facie case of the crime charged, then a judgment of dismissal is proper. E.A.B. v. State, 851 So.2d 308, 310 (Fla. 2d DCA 2003).
III. ANALYSIS
On appeal, P.N. argues that the trial court erred by failing to grant his motion for judgment of dismissal because *92 the State failed to present competent, substantial evidence that P.N. possessed an open container of alcohol. To prove possession, the State must show that the defendant possessed a certain substance, that the substance was illegal, and that the defendant had knowledge of the presence of the substance. See S.C.S. v. State, 831 So.2d 264 (Fla. 1st DCA 2002) (judgment and sentence reversed because the State presented insufficient evidence to establish a prima facie case for possession of alcohol by a minor). To establish a prima facie case that a substance is alcoholic or illegal, a juvenile’s own admission will suffice, as well as testimony of an experienced police officer. See J.B. v. State, 705 So.2d 1376, 1379 (Fla.1998); A.A. v. State, 461 So.2d 165, 166 (Fla. 3d DCA 1984).
Here, the State failed to present any evidence that the contents of the bottle possessed by P.N. contained alcohol. P.N. did not make any statement to law enforcement admitting that the bottle contained alcohol. Moreover, Officer Shuster testified that when the beer bottle was recovered, it was full of sand and salt water. Although Officer Shuster testified that he approached P.N. because he was holding a beer bottle, Officer Shuster did not testify that he saw P.N. drinking from the beer bottle or that the contents of the bottle were alcoholic. As the State conceded during oral argument, it is not illegal for a minor to possess a beer bottle that contains no alcohol.
Accordingly, because the State failed to provide any evidence that the contents of the bottle possessed by P.N. contained alcohol, we reverse the adjudication of delinquency. We decline to address the remaining issue raised on appeal.
Reversed and remanded.

. Florida Rule of Juvenile Procedure 8.110(k) states:
If at the close of evidence for the petitioner, the court is of the opinion that the evidence is insufficient to establish a prima facie case of guilt against the child, it may, or on the motion of the state attorney or the child shall, enter an order dismissing the petition for insufficiency of the evidence.