SLEET, Judge.
B.B., a juvenile, challenges an adjudication of delinquency for: (1) providing false identification to a law enforcement officer resulting in adverse consequences to another, § 901.36(2), Fla. Stat. (2011); (2) possession of cannabis, § 893.13(6)(b), Fla. Stat.; (3) possession of drug paraphernalia, § 893.147(1), Fla. Stat.; and (4) possession of alcohol by a person under twenty-one years of age, § 562.11(1), Fla. Stat. At her adjudicatory hearing, B.B. moved for judgment of dismissal[1] on the false-identification charge and the possession-of-alcohol charge, arguing that the evidence was insufficient to support a finding of guilt on those charges. The trial court denied the motion, adjudicated B.B. delinquent on all four charges, and committed her to a level six, moderate-risk residential facility.
On appeal, B.B. raises two issues. We agree with B.B. that the State presented insufficient evidence to support a finding of guilt on the false-identifieation charge and the possession-of-alcohol charge. Thus, we reverse those charges. B.B.’s remaining argument is without merit and does not warrant further discussion.
On June 16, 2010, a deputy of the Polk County Sheriffs Office attempted to conduct a traffic stop of a speeding vehicle. As the vehicle came to a stop, the driver exited the vehicle and fled into a nearby wooded area. The deputy approached the vehicle with her gun drawn and observed two other occupants in the vehicle. B.B. was the front-seat passenger. The deputy asked B.B. her name, and B.B. responded with S.B.,[2] which the police later discovered was B.B.’s sister’s name.
After additional officers arrived on the scene to look for the driver, the deputy conducted a search of the vehicle. The search did not reveal contraband, but the deputy found two beverages. One of the beverages, located on the driver’s side, contained an unidentified liquid in a clear glass cup. The second beverage, located between the driver’s seat and front passenger seat, was an open Four Loco[3] can, a common brand of alcoholic beverage. The can was cold and dewy. Because S.B. was identified as a minor, the deputy arrested B.B: for possession of alcohol by a person under age twenty-one. Although the deputy did not see B.B. drink from the can, she did not check B.B.’s hands to determine whether they felt cold, she did not detect an odor of alcohol emanating from B.B., and she did not conduct a breathalyzer test to determine whether B.B. had consumed alcohol. Additionally, the deputy did not test the contents of the can to determine whether the beverage was alcohol, nor did she otherwise examine the contents to identify the substance contained within. The deputy issued a citation in S.B.’s name for possession of an open container in a vehicle. The Four Loco can and its contents were disposed *444 of. As B.B. was prepared for arrest, another officer noticed an unusual bulge in B.B.’s clothing, and the deputy retrieved a cellophane baggie containing marijuana.
After B.B. was arrested and transported to the county jail, the police discovered that B.B. was not S.B. and that B.B. had provided the deputy with her sister’s name. The citation issued by the deputy was amended to replace S.B.’s name with B.B.’s name, and B.B. was booked under her own name.
We review the denial of a motion for judgment of dismissal in a delinquency case de novo. E.A.B. v. State, 851 So.2d 308, 310 (Fla. 2d DCA 2003) (citing Pagan v. State, 830 So.2d 792, 803 (Fla.2002)). As to the possession-of-alcohol charge, the State was required to prove that B.B. (1) had dominion and control over the alcohol, (2)had knowledge of the illicit nature of the alcohol, and (3) had knowledge that the alcohol was within her presence. See E.A.M. v. State, 684 So.2d 283, 284 (Fla. 2d DCA 1996) (citing Skelton v. State, 609 So.2d 716, 716-17 (Fla. 2d DCA 1992)). To meet its burden, the State must present evidence that the Four Loco can found in the vehicle actually contained alcohol. S.C.S. v. State, 831 So.2d 264, 264 (Fla. 1st DCA 2002).
However, the State’s case lacked any evidence identifying the substance inside the can. The deputy did not perform a breathalyzer test on B.B., nor did she smell, test, or otherwise examine the liquid in the can to determine whether the beverage was alcohol. Both the can and its contents were disposed of, and B.B. denied she possessed the can and did not admit or stipulate that the can contained alcohol. See id. at 264 (concluding that the State failed to present a prima facie case of possession of alcohol by a minor where the State presented no evidence regarding the contents of the container that allegedly contained alcohol). Even if this court accepted that Four Loco is a common brand of alcoholic beverage, the can was open when discovered by the deputy; thus, the label of the can cannot conclusively establish that the can contained alcohol. As such, the State presented insufficient evidence to prove that B.B. possessed alcohol.
Alternatively, we note that even if the State established that the can contained alcohol, the State would still have failed to establish a prima facie case of possession of alcohol by a minor because it presented inadequate evidence of B.B.’s constructive possession of the alcohol in a jointly-occupied vehicle. See Cruz v. State, 744 So.2d 568, 569 (Fla. 2d DCA 1999); B.S. v. State, 638 So.2d 154, 155 (Fla. 2d DCA 1994).
Next, as to the false-identification charge, section 901.36(2) requires the State to prove that B.B. provided a false name to a law enforcement officer and that such act resulted in adverse consequences to the individual whose name was unlawfully provided. B.B. provided her sister’s name, S.B., to the deputy when she was originally detained. It was not until B.B. was transported to the police station that her deception was revealed. Nevertheless, the State presented no evidence that the victim, S.B., suffered adverse consequences as a result of B.B.’s unlawful use of her identity. According to the deputy, S.B. would have had a criminal record if the booking process had not been interrupted by discovery of B.B.’s true identity. Such evidence is insufficient to show an adverse consequence to S.B.; rather it is evidence of a possible adverse consequence. The plain language of section 901.36(2) does not contemplate punishment for mere possibilities. Granted, the deputy originally issued a citation for possession of an open container in S.B.’s name, but the citation was amended to reflect the correct name, *445 and the State provided no evidence that the citation resulted in adverse consequences to S.B. Thus, the State also failed to present sufficient evidence to prove that B.B. provided false identification to a law enforcement officer resulting in adverse consequences to another.
Accordingly, we reverse B.B.’s adjudication of delinquency for possession of alcohol by a person under age twenty-one. We also reverse B.B.’s adjudication of delinquency for providing false identification to a law enforcement officer resulting in adverse consequences to another and remand with instructions to adjudicate B.B. delinquent on the lesser-included delinquent act of providing a false name to a law enforcement officer in accordance with section 901.36(1). We affirm B.B.’s remaining adjudications of delinquency.
Affirmed in part; reversed in part; remanded with directions.
CASANUEVA and KHOUZAM, JJ., Concur.

.Although the parties refer to the motion as a motion for judgment of acquittal, the proper motion in a juvenile case would have been a motion for judgment of dismissal. See Fla. R. Juv. P. 8.110(k). Because the two motions are essentially the same and the misnomer does not affect our review, the terminology error is irrelevant. See J.P. v. State, 855 So.2d 1262, 1264 n. 1 (Fla. 4th DCA 2003).

. To protect the privacy of B.B.’s sister, we have elected to use her initials.

. This is the record spelling of the beverage. On appeal, the State contends that the correct spelling of the beverage is "Four Loko.” Because the parties do not contest the testimony that "Four Loco” is a brand of alcoholic beverage, we adopt the record spelling.