PER CURIAM.
On the basis of evidence which showed only that F.B. was present at the scene of an automobile theft, and that he fled when approached by the police, the trial court found F.B. guilty of car theft, burglary of a conveyance, criminal mischief and resisting arrest without violence. We have previously held that a suspect’s mere presence at the scene of a crime and flight therefrom is insufficient evidence to support an adjudication of delinquency. M.F. v. State, 549 So.2d 225 (Fla. 3d DCA 1989); J.W. v. State, 467 So.2d 796 (Fla. 3d DCA 1985). Accordingly, the trial court’s find *579 ing of guilt as to auto theft, burglary of a conveyance, and criminal mischief is reversed.
The trial court also found F.B. guilty of resisting arrest without violence for fleeing when ordered by the officers to stop. On the facts known to the officers in this case, however, there was no basis for detaining the juvenile as there was no founded suspicion that he was engaged in criminal activity. Where an officer has no basis to detain an individual, the individual’s action in ignoring an officer’s command to stop cannot constitute resisting arrest. Lee v. State, 368 So.2d 395 (Fla. 3d DCA), cert. denied, 378 So.2d 349 (Fla.1979).
The court’s verdict on the charge for resisting arrest without violence is therefore reversed.