WIGGINTON, Judge.
M.J.H. appeals from his adjudication of delinquency and commitment to the Department of Health and Rehabilitative Services. We reverse.
As the state relied entirely upon circumstantial evidence, it was incumbent upon it to present evidence inconsistent with any and all reasonable hypotheses of innocence. G.H. v. State, 599 So.2d 231 (Fla. 3d DCA 1992). Instead, the state’s only evidence against M.J.H. was that he was present at the scene of the commission of the crime and that he fled therefrom upon discovery. At most, the state’s witness could only testify that he observed M.J.H. standing on the passenger side of an automobile being broken into from the driver’s side. M.J.H. was never observed leaning inside or in any way entering or attempting to enter the automobile. Although the door on the passenger side was slightly cracked and the lock had been jimmied, there was no evidence that MJ.H.’s prints were on the lock, on the door, or anywhere on the car; or that M.J.H. was found in possession of any kind of tool or equipment to jimmy the lock.
Since it is axiomatic that presence at the scene of a crime and flight upon discovery are insufficient to prove the requisite knowledge and intent necessary to support a finding of guilt, the motion for judgment of acquittal should have been granted. Cf. J.W. v. State, 467 So.2d 796 (Fla. 3d DCA 1985). Consequently, the order of adjudication and commitment is reversed and the case remanded with directions to discharge appellant.
REVERSED and REMANDED.
ALLEN and WEBSTER, JJ., concur.