QUINCE, Judge.
Stanley Helm (Helm) appeals his conviction for grand theft. Because there was insufficient evidence for the jury to convict, we reverse.
Helm was a licensed Florida attorney in 1983. On February 23, 1983, Sally and Donald Gayfers (the Gayfers) went to Helm’s law office to sign a purchase contract on a home they wished to buy. Prior to their visit, they had learned the home was owned by Derek Hughes (Hughes), who lived in England. While they were at Helm’s office, they executed a contract to purchase and gave Helm a down payment of $7,000.00. The contract was witnessed by Helm and his secretary.
About a month later, the Gayfers received a call from Hughes which caused them some concern about their down payment. They returned to Helm’s office, and found it closed. Helm never returned to his office after the Gayfers’ second visit, and his secretary subsequently closed his office.
At trial, Helm testified that he was acquainted with Hughes, and that Hughes never retained him as counsel. A mutual Mend asked him to facilitate the sale of Hughes’ house by drafting a contract and accepting the down payment. Helm stated he received the down payment from the Gayfers and took the cash immediately to the bank. He testified he got a cashier’s check made out to Hughes and forwarded the contract and the check to Hughes. Helm indicated no arrangement was made for any further involvement by him in the sale.
There was no testimony or evidence that Hughes did not receive the down payment. The only testimony alluding in any way to nonreceipt of the money was a statement by Mr. Gayfer that he was required to pay an additional $3,500.00 to close the sale. Hughes did not testify in person or by deposition.
A trial court should grant a judgment of acquittal “in a circumstantial evidence case if the state fails to present evidence from which the jury can exclude every reasonable hypothesis except that of guilt.” State v. Law, 559 So.2d 187, 188 (Fla.1989). The court went on to say where the only proof of guilt is circumstantial, no matter how strongly the evidence may suggest guilt, a conviction cannot be sustained unless the evidence is inconsistent with any reasonable hypothesis of innocence. Id.
Helm testified he sent Hughes the money received from the Gayfers. There is nothing in the record to negate this assertion. Neither Hughes nor the Gayfers ever said Hughes did not receive the money. While Mr. Gayfer’s statement that he had to pay Hughes an additional $3,500.00 might be interpreted to mean he believed Hughes never received all of the money, this testimony fails to exclude other reasonable possibilities for the location of the money. Just as Mr. Gayfer’s statement is susceptible of that interpretation, it could also be inferred that Hughes simply asked for more money.
Although the state does not have to rebut conclusively every possible variation of events which could be inferred from the evidence, the state must introduce competent evidence which is inconsistent with defendant’s theory of events. Naumowicz v. State, 562 So.2d 710 (Fla. 1st DCA1990), rev. denied, 576 So.2d 289 (Fla.1991). Since the state failed to exclude every reasonable inference except that of guilt, a judgment of acquittal should have been granted. There was no competent evidence to rebut Helm’s allegations that he changed the Gayfers’ down payment to a cashier’s check and mailed it to Hughes. Because there was no way to determine from the evidence whether the money was missing due to Helm’s conduct or due to other reasonable possibilities, it was error to convict Helm of grand theft.
We reverse Helm’s conviction for grand theft and remand with instructions to the trial court to discharge Helm on this offense. Since we are reversing on sufficiency grounds, we do not comment on Helm’s second issue concerning the statute of limitations.
RYDER, A.C.J., and ALTENBERND, J., concur.