702 So.2d 540 (1997)
J.R.S., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 95-04530.
District Court of Appeal of Florida, Second District.
October 29, 1997.
Jeffrey A. Haynes of Filipkowski and Haynes, P.A., Sarasota, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Michael J. Scionti, Assistant Attorney General, Tampa, for Appellee.
CAMPBELL, Acting Chief Judge.
Appellant, a juvenile, challenges the sufficiency of the evidence to support the order adjudicating him delinquent. Following a hearing, the court found that appellant had committed the offense of armed burglary of a dwelling. It is appellant's position that the circumstantial evidence did not exclude every reasonable hypothesis except that of guilt. We agree and reverse.
Appellant was charged with armed burglary of a dwelling after a neighbor had seen him leaving the victim's home through the opened overhead garage door at the back of the house. A .38 pistol was discovered to be missing from the bedroom closet inside the home. The gun case was found in a hamper in the garage.
A conviction that is based on circumstantial evidence will not be reversed on appeal so long as there is substantial, competent evidence to support it. See State v. Law, 559 So.2d 187 (Fla.1989). While under Law, 559 So.2d 187, the state is not required to rebut every conceivable variation of *541 events, it must introduce competent evidence that is inconsistent with the defendant's theory of events. See Helm v. State, 651 So.2d 142 (Fla. 2d DCA 1995). We conclude that the state did not meet its burden here.
Appellant's theory of events is that he only went to the victim's home to see if the teenage son was home. After knocking on the front door and getting no response, he tried the overhead garage door, which was at the back of the house and was partially open. He said he knocked on that door but, again, received no response. As he turned to go, the neighbor approached him and asked if he was there to mow the lawn. After a short conversation, appellant left and the neighbor went home. Appellant maintains that he never went inside the residence. No prints were found establishing appellant's presence within the home.
Appellant surmises that the victim's teenage son took the gun. The record contains testimony that the son knew where the gun was located in the bedroom closet, but that appellant was never told about the gun or its location. Nothing but the gun was taken or disturbed. Moreover, the teenage son was left home alone after the adult residents went to work that morning. The teenage son did not testify. There were no signs of forced entry at either the overhead garage door or the door leading from the garage into the residence itself.
It is the state's position that appellant, having achieved entry into the garage, then entered the residence from inside the garage and took the gun from the bedroom closet. While their position is buttressed somewhat by the testimony of the neighbor, even the neighbor's testimony cannot place appellant inside the residence itself. The neighbor testified that, when he came home for lunch, he noticed that the victim's manually operated garage door was going up and then quickly came down. When the neighbor, acting on his suspicions, then pretended to leave, he saw the garage door come up and saw appellant walk out of the garage. The neighbor testified that when he approached appellant and asked him what he was doing there, appellant kept his hands inside of his big, baggy shirt. The neighbor did not see appellant's hands until appellant walked away down the alley. At that point, however, appellant's hands were empty. The gun was never recovered.
This record simply does not present this court with substantial, competent evidence upon which the decision may be affirmed. The state has not met its burden of presenting competent evidence that is inconsistent with appellant's version of events. There was no evidence presented placing appellant inside the residence, and the gun was never recovered. No one, not even the neighbor, saw appellant with the gun. In fact, the neighbor said that, as he surreptitiously watched appellant walk away, he saw nothing in appellant's hands. Under these facts, it is just as likely that the teenage son, knowing that the gun was located behind boxes of his mother's shoes, took the gun, left the case in the hamper on his way out of the garage that morning, and simply forgot to close the garage door.
We believe that this case is similar to the cases cited by appellant, M.F. v. State, 549 So.2d 225 (Fla. 3d DCA 1989), In the Interest of M.J.H., 610 So.2d 84 (Fla. 1st DCA 1992), and F.B. v. State, 605 So.2d 578 (Fla. 3d DCA 1992), where the appellate court reversed because the only evidence against the defendant was the suspect's presence at the scene and his subsequent flight. This case, however, presents even less evidence of guilt than those cases. Appellant here did not flee the scene, the gun was never recovered, and there was no evidence placing him inside the residence where the taking actually occurred.
We conclude that the state failed to meet its burden and that the circumstantial evidence was not sufficient to support the finding of delinquency. Accordingly, we reverse.
LAZZARA and QUINCE, JJ., concur.