HAZOURI, J.
G.C. was charged in a petition for delinquency with aggravated assault of his mother and possession of cannabis. A hearing was held at which G.C.’s counsel advised the court that G.C. was currently living with his grandmother in Peru. G.C.’s counsel sought permission from the court to take a plea over the telephone and advised the court that G.C. was waiving his right to appear at the sentencing hearing. The trial court confirmed via telephone that G.C. in fact wished to waive his presence at the sentencing hearing. The state objected to this procedure.
The trial court conducted the sentencing hearing via telephone and concluded that G.C. was waiving his presence at the sentencing hearing and was voluntarily entering his plea of no contest. The trial court withheld adjudication of guilt, suspended G.C.’s driver’s license for six months, and administered a “stern judicial warning.” The state appeals this disposition order asserting it is illegal because G.C. was not *1216 present at the sentencing hearing. We disagree.
In Capuzzo v. State, 596 So.2d 438 (Fla.1992), our supreme court recognized that sentencing is a critical stage of the proceeding which entitles the defendant to be present. However, a defendant may waive that right to be present. In Capuzzo, the defendant voluntarily absented himself from the sentencing hearing and was sentenced in absentia. The supreme court reasoned that Capuzzo could not claim lack of express waiver at sentencing because he chose to flee the trial court’s jurisdiction. In the instant case, G.C. waived his right to be present at the sentencing hearing. Therefore, the state’s assertion that this is an illegal disposition under Florida Rule of Appellate Procedure 9.145(c)(1)(G) is without merit. Because there is no basis for the state’s appeal, we dismiss it.

Dismissed.

WARNER and POLEN, JJ., concur.