SUAREZ, J.
M.J. appeals from an adjudication of delinquency for resisting a police officer without violence. We affirm, as there was competent substantial evidence to support a prima facie case of resisting an officer without violence.
On June 25, 2009, City of Opa Locka police officers Sorano, Vega, and Steel were dispatched in response to a burglary in process. After setting up a perimeter, they observed M.J. running through an alleyway. Dressed in full uniform and identifying himself as a police officer, Officer Sorano called M.J.’s nickname, “Skeeter,” and told him to stop. M.J. turned around, smiled, and continued running in the opposite direction. Also dressed in full police uniform, Officer Vega, who was able to identify M.J. from a previous encounter, observed him coming up from the bushes where he was hiding in the alleyway. After being chased by both officers down the alley, over some fences and into buildings — all the while being told by officers to “stop” — M.J. was apprehended and placed in handcuffs by Officer Steel.
M.J. argued below and on appeal that there was no reasonable suspicion of criminal activity sufficient to justify the stop and thus the officers were not executing a legal duty required to sustain the charge of resisting arrest without violence. We disagree.
To support a conviction for resisting arrest without violence under section 843.02, Florida Statutes (2007), the State must prove that: (1) the officer was engaged in the lawful execution of a legal duty; and (2) the defendant’s actions, by his words, conduct, or a combination thereof, constitute obstruction or resistance of the lawful execution of a legal duty.[1]
The element of lawful execution of a legal duty is satisfied if an officer has either a founded suspicion to stop the person or probable cause to make a warrant-less arrest. E.A.B. v. State, 851 So.2d 308 (Fla. 2d DCA 2003). A stop is justified when an officer observes facts giving rise *1191 to a reasonable suspicion that criminal activity has occurred or is about to occur. C.E.L. v. State, 24 So.3d 1181 (Fla.2009). Whether an officer’s suspicion is reasonable must be determined from the totality of the circumstances existing at the time of the investigative stop, based on the facts known to the officer before the stop. C.E.L., 24 So.3d at 1186.
Based on the totality of the circumstances known to the officers before they stopped M.J., we find that there was reasonable suspicion for them to stop M.J.; the officers were lawfully executing a legal duty sufficient to satisfy the charge of resisting an officer without violence. We therefore affirm MJ.’s adjudication for resisting an officer without violence.[2]

. Section 843.02, Florida Statutes (2007) provides:
843.02 Resisting officer without violence to his or her person . — whoever shall resist, obstruct, or oppose any officer as defined in s. 943.10(1), (2), (3), (6), (7), (8), or (9); ... or other person legally authorized to execute process in the execution of legal process or in the lawful execution of any legal duty, without offering or doing violence to the person of the officer, shall be guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.

. We remand for the purpose of holding an evidentiary hearing to determine if M.J. voluntarily waived his presence at sentencing. See State v. G.C., 955 So.2d 1215 (Fla. 4th DCA 2007).