ROTHENBERG, J.
T.D., a juvenile, appeals from an adjudication of delinquency for resisting an officer without violence, in violation of section 848.02, Florida Statutes (2010). To support a conviction for resisting an officer without violence under section 843.02, the State must prove: (1) the officer was engaged in the lawful execution of a legal duty; and (2) the defendant’s actions, by his words, conduct, or a combination thereof, constitute obstruction or resistance of the lawful execution of a legal duty. M.J. v. State, 67 So.3d 1189, 1190 (Fla. 3d DCA 2011).
The sole issue on appeal is whether the officer was engaged in the lawful execution of a legal duty when she arrested T.D. Because the record supports the existence of probable cause, the officer was engaged in the lawful execution of a legal duty. See id. (“The element of lawful execution of a legal duty is satisfied if an officer has either a founded suspicion to stop the person or probable cause to make a warrant-less arrest.”).[1] Accordingly, we affirm T.D.’s adjudication for resisting an officer without violence.
Affirmed.

. The fact that the State did not prevail at trial on the underlying criminal activity providing the basis for the arrest, battery on a school official or interference with the function of an educational institution, does not defeat the existence of probable cause supporting an arrest. See W.J. v. State, 18 So.3d 1259, 1260 (Fla. 3d DCA 2009); see also E.W. v. State, 873 So.2d 485, 488 (Fla. 1st DCA 2004).