# Third District Court of Appeal

## State of Florida

Opinion filed October 10, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-267
Lower Tribunal No. 17-2066
_____

**C.A., a juvenile,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Teresa Mary Pooler, Judge.

Carlos J. Martinez, Public Defender, and Stephen Weinbaum, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Christina L. Dominguez, Assistant Attorney General, for appellee.

Before ROTHENBERG, C.J., and EMAS and LINDSEY, JJ.

PER CURIAM.

C.A., a juvenile, was charged by petition with committing strongarm robbery. At the conclusion of the adjudicatory hearing, C.A. moved for a judgment of dismissal,[1] contending that the evidence did not support strongarm robbery or robbery by sudden snatching, but merely petit theft. The trial court agreed the evidence was insufficient to establish strongarm robbery, but sufficient to prove the lesser offense of robbery by sudden snatching. The trial court found C.A. delinquent, but withheld adjudication and placed C.A. on probation.

C.A. appeals the trial court's determination, asserting that the evidence did not establish robbery by sudden snatching, but only petit theft.[2] We find this argument without merit. See A.M. v. State, 147 So. 3d 98, 100 (Fla. 3d DCA 2014) (holding that robbery by sudden snatching "does not require that the offender use or threaten to use any force or violence in order to commit the crime of robbery by sudden snatching. In fact, no force whatsoever is required 'beyond

---

[1] See Fla. R. Juv. P. 8.110(k) (providing: "If at the close of the evidence for the petitioner, the court is of the opinion that the evidence is insufficient to establish a prima facie case of guilt against the child, it may, or on the motion of the state attorney or the child shall, enter an order dismissing the petition for insufficiency of the evidence.")

[2] We review de novo the trial court's denial of C.A.'s motion for judgment of dismissal. Importantly, in moving for a judgment of dismissal, C.A. "admits all facts and evidence adduced" at the adjudicatory hearing, and "all reasonable inferences that may be drawn from such evidence must be viewed in a light most favorable to the state." Espiet v. State, 797 So. 2d 598, 601 (Fla. 5th DCA 2001). See also M.R. v. State, 101 So. 3d 389, 392 (Fla. 3d DCA 2012) (applying same standard in a delinquency proceeding).

that effort necessary to obtain possession of the money or other property'") (quoting section 812.131, Fla. Stat. (2014) and Fla. Std. J. Inst. (Crim.) 15.4)).

We also reject C.A.'s argument that the evidence established the victim consented to C.A.'s taking of the property. While there were inconsistencies in the evidence, such inconsistences presented questions of weight and credibility to be accorded the evidence. These issues were resolved by the trial court as the finder of fact, and we will not substitute our judgment for that of the factfinder. Miller v. State, 328 So. 2d 544 (Fla. 3d DCA 1976). Viewing the evidence in a light most favorable to sustaining the trial court's determinations, we hold that the evidence was sufficient to conclude that the victim did not consent to the taking, and that a prima facie case of guilt was established for the crime of robbery by sudden snatching. J.H. v. State, 220 So. 3d 508, 510 (Fla. 3d DCA 2017) (citing C.E.L. v. State, 995 So. 2d 558, 560 (Fla. 2d DCA 2008) (approved, 24 So. 3d 1181 (Fla. 2009)).

Affirmed.